617 A.2d 816

**COMMONWEALTH of Pennsylvania**

v.

**Wayne Patrick MOORE, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 14, 1992.

Filed Dec. 17, 1992.

242

William Seger, Johnstown, for appellant.

David J. Flower, Dist. Atty., Somerset, for Com., appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

TAMILIA, Judge.

Wayne Patrick Moore appeals from the January 27, 1992 judgment of sentence imposing an aggregate ten (10) to twenty (20) year term of imprisonment. The sentence was imposed after appellant pled guilty to one count of robbery,[1] one count of aggravated assault,[2] four counts of burglary,[3] five counts of theft,[4] one count of receiving stolen property[5] and three counts of criminal trespass.[6] The charges stemmed from appellant's crime spree throughout the Somerset County area during the years 1990 and 1991.

1.  Pa.C.S. § 3701.
2.  *Id.* § 2702.
3.  *Id.* § 3502.
4.  *Id.* § 3921.
5.  *Id.* § 3925.
6.  *Id.* § 3503.

Appellant argues under the facts of this case the charges of aggravated assault and robbery should merge for sentencing purposes. The charges were related to the January 28, 1991 incident wherein appellant and a co-actor were attempting to burglarize the residence of Richard and Kathy Poorbaugh. As the pair tried to gain access to the Poorbaugh home, they were surprised by the Poorbaughs' caretaker, Clyde Oakman, whom appellant's cohort struck on the head with a crowbar and stole his wallet. Appellant argues the crime of robbery necessarily involved the crime of aggravated assault and, therefore, the two merge for the purpose of sentencing. We agree.

The test for whether offenses will merge for the purpose of sentencing is "whether the separate offenses are lesser included offenses and greater included offenses, i.e., the crimes do not merge for sentencing purposes unless the same facts support convictions of lesser concluded offenses." *Commonwealth v. Ennis*, 394 Pa.Super. 1, 16, 574 A.2d 1116, 1123 (1990) citing *Commonwealth v. Leon Williams*, 521 Pa. 556, 559 A.2d 25 (1989). *Also see Commonwealth v. Burkhardt*, 526 Pa. 341, 586 A.2d 375 (1991).[7] Aggravated assault is defined as:

(a) **Offense defined.—A person is guilty of aggravated assault if he:**

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

18 Pa.C.S. § 2702. The crime of robbery is defined:

(a) **Offense defined.—**

---

**7.** We are compelled to follow the reasoning set forth by Justice Flaherty in his Concurring Opinion in *Commonwealth v. Burkhardt*, 526 Pa. 341, 586 A.2d 375 (1991) (Justices Zappala and Papadakos concurred in the result of the Opinion by Justice McDermott). Joined by Chief Justice Nix and Justice Cappy, Justice Flaherty follows the reasoning of *Commonwealth v. Williams*, 521 Pa. 556, 559 A.2d 25 (1989), and *Commonwealth v. Weakland*, 521 Pa. 353, 555 A.2d 1228 (1989), whereby it is only where the elements of a crime are subsumed into the elements of another crime that merger is required. When the crimes are part of an enterprise, each having elements which may stand alone, then merger is not implicated.

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another.

18 Pa.C.S. § 3701. The aggravated assault in the case before us was established by the blow to Oakman's head with a crowbar. Absent the infliction of this serious bodily injury, the taking of the victim's wallet would have constituted theft as opposed to robbery.

Based on this reasoning and that set forth in *Ennis*, we vacate the sentences for robbery and aggravated assault and remand this case to the trial court for resentencing in accordance with this Opinion. The balance of the judgment of sentence will remain in effect.

Judgment of sentence vacated and remanded in part and affirmed in part. Jurisdiction relinquished.