673 A.2d 962

### COMMONWEALTH of Pennsylvania

#### v.

### Omar RODRIQUEZ, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 8, 1996.

Filed March 27, 1996.

Elayne Bryn, Assistant Public Defender, Philadelphia, for appellant.

Peter J. Gardner, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, J., CIRILLO, P.J.E. and CERCONE, P.J.E.

CERCONE, President Judge Emeritus:

This is an appeal from the judgment of sentence entered following a jury trial. We affirm.

While on routine patrol at about 4:30 a.m. on July 5, 1993, City of Philadelphia Police Officer Dennis Wilson saw three men kicking, punching and going through the pockets of an older man who was lying in the street. N.T. 9/13/94 at 19–20. As the officer drove closer to the scene, the assailants "quickly walked" in his direction, past the police car. *Id.* at 20. The victim, Leonard Robinson, entered the police car and reported that the three assailants, later identified as Charles Brock, John Lyles and appellant Omar Rodriquez, had stolen his money and Walkman. *Id.* at 20–21. Officer Wilson made a U-turn and stopped the men about one-half of a block away from the scene of the attack. *Id.* at 21, 38. Mr. Robinson identified the men stopped as those who had robbed him. At the time of the stop, appellant was in possession of the Walkman. *Id.* at 22, 23. The officer arrested all three men. *Id.* at 23.

On October 6, 1993, appellant and co-defendant Charles Brock requested a jury trial. The trial court denied appellant's motion to sever and accepted Charles Brock's guilty plea on September 12, 1994.[1] On September 14, 1994, a jury found appellant guilty of Robbery,[2] Aggravated Assault,[3] and Con-

---

1. The trial court made the following observation:

 Co-defendant, Charles Brock, ... entered a guilty plea to conspiracy and robbery and was subsequently sentenced on November 7, 1994 to two (2) to four (4) years incarceration at a State Correctional Institution.

 Although another co-defendant, John Lilas, was present at the July 12, 1993, preliminary hearing ..., Mr. Lilas['] case was not part of the procedural history of the instant matter. From the Quarter Sessions file of the Philadelphia Court of Common Pleas, John Lilas ... appeared before the Honorable Jane C. Greenspan on September 17, 1993, and pled guilty to robbery and conspiracy. He was sentenced to a term of not less than 16 to 120 months of incarceration at a State Correctional Facility.

 Trial Court Opinion filed August 16, 1995 at 1 n. 1.

2. 18 Pa.C.S.A. § 3701.

3. *Id.* 2702.

spiracy.[4] The trial court sentenced appellant to consecutive terms of imprisonment of not less than ten (10) nor more than twenty (20) years for the robbery and assault counts and to an additional consecutive term of imprisonment of not less than five (5) nor more than ten (10) years for the conspiracy charge. Appellant filed post-sentence motions on November 23, 1994 which were denied by operation of law on March 23, 1995 pursuant to Pennsylvania Rule of Criminal Procedure 1410 B(3). Pa.R.Crim.P. Rule 1410 B(3), 42 Pa.C.S.A. On that same day, appellant filed a Notice of Appeal.[5]

In the instant appeal we are presented with several allegations of error. Appellant first claims that the trial court erred in failing to apply the doctrine of merger to the sentences imposed for aggravated assault and robbery. In addition, appellant contends that the sentence imposed was excessive and that the court erred in imposing disparate sentences on two co-defendants. Moreover, appellant challenges the sufficiency of the evidence with respect to each of the crimes of which he was convicted. We shall begin by addressing the sufficiency claims.

When presented with a challenge to the sufficiency of the evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the trier of fact could

4. *Id.* 903.

5. To clear up a procedural question appearing on the face of the record, we shall quote from the opinion of the trial court:

According to the file maintained by the Clerk of Quarter Sessions of the Philadelphia Court of Common Pleas, prior to counsel's filing of Post Sentence motions the defendant filed pro se Motions on November 17, 1994. Thereafter on December 12, 1994, the defendant filed a pro se Motion to Reduce Sentence, which was incorrectly docketed as an Appeal to the Superior Court, and was assigned an independent Superior Court case number (Superior Court No. 37, Philadelphia, 1995).

Subsequently, the Superior Court ... appointed Ms. Bryn as counsel to perfect the defendant's appeal. After which Ms. Bryn filed a Notice of Appeal and the instant Superior Court term and number was assigned to the defendant' case.

Trial Court Opinion filed August 16, 1995 at 2 n. 5.

have determined that all the elements of the crime have been established beyond a reasonable doubt. *Commonwealth v. Hagan,* 539 Pa. 609, 613, 654 A.2d 541, 543 (1995); *Commonwealth v. Martin,* 433 Pa.Super. 280, 285, 640 A.2d 921, 923 (1994). In making this determination, we must evaluate the entire trial record and consider all the evidence actually received. *Commonwealth v. Woods,* 432 Pa.Super. 428, 432, 638 A.2d 1013, 1015 (1994), *appeal denied,* 539 Pa. 650, 651 A.2d 537 (1994). It is within the province of the fact finder to determine the weight to be accorded each witnesses' testimony and to believe all, part, or none of the evidence introduced at trial. *Commonwealth v. Molinaro,* 429 Pa.Super. 29, 33, 631 A.2d 1040, 1042 (1993).

> The facts and circumstances established by the Commonwealth "need not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is for the jury unless the evidence 'be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.' "

*Commonwealth v. Hodge,* 441 Pa.Super. 653, 657, 658 A.2d 386, 387–88 (1995) (quoting *Commonwealth v. Sullivan,* 472 Pa. 129, 150, 371 A.2d 468, 478 (1977) and *Commonwealth v. Libonati,* 346 Pa. 504, 508, 31 A.2d 95, 97 (1943)).

According to appellant, the absence of medical testimony and the victim's testimony rendered the evidence insufficient to support appellant's convictions for robbery, aggravated assault and conspiracy.[6] As stated, appellant was convicted of one count of robbery pursuant to 18 Pa.C.S.A. § 3701(a)(1)(ii). An individual commits a robbery under that subsection if, in the course of committing a theft, he "threatens another with or intentionally puts him in fear of immediate

---

6. Appellant waived any challenge to the sufficiency of the evidence supporting his conviction for conspiracy by failing to provide any support in the argument section of his brief. A mere assertion of error, without elaboration, will not be addressed. *Commonwealth v. Holmes,* 444 Pa.Super. 257, 260–62, 663 A.2d 771, 773 (1995); *Commonwealth v. Mercado,* 437 Pa.Super. 228, 244, 649 A.2d 946, 954 (1994) (defendant waived issue that was raised in statement of questions by failing to include any support in the appellate brief).

serious bodily injury." 18 Pa.C.S.A. § 3701(a)(1)(ii). A conviction under that subsection is dependent upon the type of bodily harm threatened. *Commonwealth v. Ross*, 391 Pa.Super. 32, 35, 570 A.2d 86, 87 (1990), *appeal denied*, 527 Pa. 644, 593 A.2d 417 (1990) (evidence sufficient to show appellant, by the use of an upraised knife, threatened the victim with serious bodily injury). A reviewing court will consider the defendant's intent and actions and not necessarily the subjective state of mind of the victim. *Id.; Commonwealth v. Leatherbury*, 326 Pa.Super. 179, 473 A.2d 1040 (1984).

For example, in *Leatherbury*, appellant and another man approached a seventy-one year old man from behind, grabbed his arms and demanded his money. The victim "shook them off" and alerted the police. A reviewing court deemed the evidence sufficient to show that appellant, in the course of attempting to commit a theft, threatened the victim with or put him in fear of immediate bodily injury. *Id.* at 184, 473 A.2d at 1042. "Whether the victim was in fact put in fear under such circumstances was not controlling." *Id.* As such, the Commonwealth was not required to have the victim, Mr. Robinson, testify as to his state of mind.

In this case, the Commonwealth established that at 4:40 in the morning, appellant and two other men kicked and punched an older man and ransacked his pockets as that man lay prostrate in a Philadelphia intersection. Appellant was later found in possession of the Walkman the victim had reported stolen. As in *Leatherbury*, we find that the enumerated circumstances were sufficient to permit an inference that appellant, in the course of committing a theft, intended to put his victim in fear of serious bodily injury.

We shall now address the sufficiency of the evidence supporting appellant's conviction for aggravated assault. A person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life . . . ." 18 Pa.C.S.A. § 2702(a)(1). To prove aggravated

assault based upon an attempt, as in this case, the Commonwealth must show that the accused acted with specific intent to inflict serious bodily injury. *Commonwealth v. Sanders,* 426 Pa.Super. 362, 368, 627 A.2d 183, 187 (1993), *appeal denied,* 535 Pa. 657, 634 A.2d 220 (1993). Such intent may be proven circumstantially. *Commonwealth v. Rightley,* 421 Pa.Super. 270, 281, 617 A.2d 1289, 1295 (1992). The conduct giving rise to an inference that the accused intended to cause serious bodily injury need not itself be life threatening. *Id.* (appellant swung a baseball bat three times at his victim, striking him twice). The jury could infer intent to inflict serious bodily injury from evidence that appellant and his confederates punched and kicked the lone victim while the victim was on the ground, stopping only when a police officer arrived. *See Commonwealth v. Glover,* 303 Pa.Super. 229, 449 A.2d 662 (1982), *aff'd,* 500 Pa. 524, 458 A.2d 935 (1983) (jury could infer intent to inflict serious bodily injury from evidence that appellant repeatedly kicked the victim, hit him in the head with his fists, and acted not alone, but with two other men); *Commonwealth v. Gregory,* 267 Pa.Super. 103, 406 A.2d 539 (1979) (evidence showing that two men attacked a lone undercover officer who was posing as an elderly male, struck and kicked him after he fell to the ground, and stopped only when a back-up police officer arrived was sufficient to support a finding of intent to inflict serious bodily injury). Accordingly, we find that the Commonwealth presented evidence sufficient to support appellant's conviction for aggravated assault.

 As stated, the sentencing court imposed consecutive ten (10) to twenty (20) year terms of imprisonment for the robbery and assault convictions. Appellant maintains that, under the circumstances presented in this case, the crimes of robbery and aggravated assault merge for sentencing purposes. Preliminarily, we note that questions of merger relate to the legality of sentence. *Commonwealth v. Servich,* 412 Pa.Super. 120, 133–34, 602 A.2d 1338, 1345 (1992), *appeal denied,* 531 Pa. 646, 612 A.2d 984 (1992).

[I]n all criminal cases, the same facts may support multiple convictions and separate sentences for each conviction ex-

cept in cases where the offenses are greater and lesser included offenses. "The same facts" means any act or acts which the accused has performed and any intent which the accused has manifested, regardless of whether these acts and intents are part of one criminal plan, scheme, transaction or encounter, or multiple criminal plans, schemes transactions or encounters.

*Commonwealth v. Anderson*, 538 Pa. 574, 579, 650 A.2d 20, 22 (1994), *order modified on denial of reargument*, 539 Pa. 476, 653 A.2d 615 (1994) (striking the victim with a gun may be used to satisfy the force requirements of at least two crimes against the victim, kidnapping and aggravated assault; the sentences for each crime will not merge because these crimes are not greater and lesser included offenses). "[T]here is no difference between a double jeopardy analysis and a merger analysis: ... the operative consideration in both is whether the elements of the offenses are the same or different." *Id.* at 581, 650 A.2d at 23. We must ascertain

whether the elements of the lesser crime are all included within the elements of the greater crime, and the greater offense includes at least one additional element which is different, in which case the sentences merge, or whether both crimes require proof of at least one element which the other does not, in which case the sentences do not merge.

*Id.* at 582, 650 A.2d at 24.

As directed, we begin by comparing the elements of the two offenses. To support appellant's conviction for robbery pursuant to 18 Pa.C.S.A. § 3701(a)(1)(ii), the Commonwealth established that appellant, in the course of committing a theft, threatened the victim with or intentionally put him in fear of immediate serious bodily injury. 18 Pa.C.S.A. § 3701(a)(1)(ii). To satisfy the elements of aggravated assault, the Commonwealth proved that appellant attempted to cause serious bodily injury to the victim. Because the Commonwealth presented no evidence of actual injury, it was further required to show that the appellant acted with specific intent to inflict serious bodily injury. *Commonwealth v. Sanders, supra.*

▮▮▮▮

▮▮▮▮ Under the circumstances presented in this case, all of the elements of the lesser offense, aggravated assault, are not included within the elements of the greater offense, robbery. Specifically, although an accused must act with specific intent to cause serious bodily injury to be convicted of aggravated assault when serious bodily injury is not inflicted, an accused need not act with such specific intent to be convicted of robbery as defined in subsection (a)(1)(ii). Further, the crime of robbery requires proof of at least one element which the crime of aggravated assault does not, *i.e.*, the act must occur in the course of committing a theft. Because each crime requires proof of at least one element which the other does not, the sentences do not merge.

Despite appellant's claims to the contrary, our resolution of the instant appeal is not governed by this court's holding in *Commonwealth v. Ennis*, 394 Pa.Super. 1, 574 A.2d 1116 (1990). In *Ennis*, appellant was convicted of aggravated assault pursuant to section 2702(a)(1), causing serious bodily injury to another, and robbery pursuant to section 3701(a)(1)(i), inflicting serious bodily injury upon another in the course of committing a theft. All of the elements of the lesser crime of aggravated assault were included within the greater crime of robbery. Specifically, appellant shot the victim in the stomach, thus inflicting serious bodily injury. *Ennis*, 394 Pa.Super. at 15–16, 574 A.2d at 1123. *See Commonwealth v. Hlatky*, 426 Pa.Super. 66, 626 A.2d 575 (1993), *appeal denied*, 537 Pa. 663, 644 A.2d 1200 (1994) (noting that when serious bodily injury is inflicted, the Commonwealth need not prove specific intent to cause such injury). Further, the greater offense included at least one additional element, that the appellant inflicted serious bodily injury in the course of committing the theft. *Ennis*, 394 Pa.Super. at 15–16, 574 A.2d at 1123. Accordingly, unlike the sentences imposed in the instant case, the sentences imposed in *Ennis* merged. *See also Commonwealth v. Moore*, 421 Pa.Super. 241, 617 A.2d 816 (1992), *appeal denied*, 536 Pa. 621, 637 A.2d 281 (1993) (applying *Commonwealth v. Ennis, supra* ).

 We shall now consider appellant's claims that the trial court abused its discretion by imposing a sentence that was harsh and excessive and, further, by imposing disparate sentences on co-defendants. Each of these allegations raises questions regarding the discretionary aspects of sentencing. *See Commonwealth v. Lawson,* 437 Pa.Super. 521, 650 A.2d 876 (1994), *appeal denied,* 540 Pa. 596, 655 A.2d 985 (1995) (by claiming that sentencing court failed to articulate its reasons for imposing consecutive sentences and for sentencing appellant outside the recommended guidelines ranges, appellant preserved challenge to discretionary aspects of sentence); *Commonwealth v. Canfield,* 432 Pa.Super. 496, 501, 639 A.2d 46, 49 (1994) (claimed disparity between sentences imposed upon co-defendants raised a substantial question as to the propriety of the sentence imposed). Preliminarily, we note that a challenge to the discretionary aspects of sentence is not guaranteed as of right. *Commonwealth v. Koren,* 435 Pa.Super. 499, 503, 646 A.2d 1205, 1207 (1994). To the contrary, before we may reach the merits of such a challenge, appellant must demonstrate that there is a substantial question that the sentence imposed is inappropriate under the sentencing guidelines. *Commonwealth v. Huckleberry,* 429 Pa.Super. 146, 150, 631 A.2d 1329, 1331 (1993); *Commonwealth v. Jones,* 418 Pa.Super. 93, 99, 613 A.2d 587, 590 (1992), *appeal denied,* 535 Pa. 615, 629 A.2d 1377 (1993). To satisfy that requirement, appellant must "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P., Rule 2119(f), 42 Pa.C.S.A. *Commonwealth v. Tuladziecki,* 513 Pa. 508, 511–13, 522 A.2d 17, 19 (1987).

 Appellant in this case has failed to comply with the dictates of *Tuladziecki.* Moreover, the Commonwealth has objected to appellant's omission. Consequently, we may not reach the merits of these claims. *See generally Huckleberry,* 429 Pa.Super. at 151, 631 A.2d at 1331 (because the Commonwealth specifically objected to appellant's failure to include a *Tuladziecki* statement in the appellate brief, Superior Court was precluded from addressing the merits of appellant's chal-

lenges to the discretionary aspects of sentence); *Commonwealth v. Miller*, 414 Pa.Super. 56, 606 A.2d 495 (1992), *appeal denied*, 531 Pa. 639, 611 A.2d 711 (1992) (same).

Judgment of sentence affirmed.