COMMONWEALTH of Pennsylvania, Appellee

v.

**Lawrence W. DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 16, 1999.
Filed June 17, 1999.

Nicole J. Spring, Williamsport, for appellant.

Michael A. Dinges, Asst. Dist. Atty., Williamsport, for the Com.

Before STEVENS, ORIE MELVIN and BROSKY, JJ.

ORIE MELVIN, J.:

¶ 1 Appellant, Lawrence W. Davis, appeals from the judgment of sentence entered on May 14, 1998 in the Court of Common Pleas of Lycoming County, following his conviction of various drug-related offenses. On appeal, the Appellant challenges the discretionary aspects of sentencing. For the reasons that follow, we affirm.

¶ 2 The facts and procedural history may be summarized as follows. On May 15, 1997, at approximately 6:00 p.m., the Appellant sold cocaine to an undercover police officer, Corporal R. Scott Hunter, of the Williamsport Police Department. The sale occurred at the intersection of Campbell and Grace Streets, Williamsport, Lycoming County. The Appellant was charged with one count each of delivery of a controlled substance, possession with in-

tent to deliver a controlled substance, possession of a controlled substance and possession of drug paraphernalia.[1] On May 13, 1998 a jury found the Appellant guilty of all four counts. At the sentencing hearing held on May 14, 1998, the Commonwealth argued for the application of the school enhancement provisions under the sentencing guidelines in 204 Pa.Code § 303.9(c) and 303.10(b) which provide as follows:

§ 303.9 Guideline sentence recommendation: general.

. . .

(c) Youth/School Enhancement sentence recommendations. If the court determines that an offender violated the drug act pursuant to § 303.10(b), 12 months shall be added to the lower limit of the standard range of the applicable sentencing matrix and 36 months shall be added to the upper limit of the standard range of the applicable sentencing matrix. . . .

204 Pa.Code 303.9(c).

§ 303.10 Guideline sentence recommendations: enhancements.

. . .

(b) Youth/School Enhancement

(1) When the court determines that the offender either distributed a controlled substance to a person or persons under the age of 18 in violation of 35 P.S. § 780–114, or manufactured, delivered or possessed with intent to deliver a controlled substance within 1000 feet of a public or private elementary or secondary school, the court

shall consider the range of sentences described in § 303.9(c).

(2) The Youth/School Enhancement only applies to violations of 35 P.S. § 780–113(a)(14) and (a)(30).

(3) The Youth/School Enhancement shall apply to each violation which meets the criteria above.

204 Pa.Code 303.10(b).

¶ 3 The Commonwealth argued at sentencing that the above guidelines should apply since the drug sale in question occurred within 1,000 feet of St. Joseph's School, a parochial elementary school, which is located on Fourth Street in Williamsport. To support this contention, the Commonwealth presented the testimony of Officer Kim Dockey of the Williamsport Police Department who performed the measurement for the school enhancement. Corporal Hunter had informed Officer Dockey as to the location of the sale and St. Joseph's School. Using a police vehicle equipped with a Vascar unit which was capable of measuring speed and distance, Officer Dockey testified he began his measurement from the street across from the southwest corner of the playground of St. Joseph's School.[2] He then proceeded to travel west on Fourth Street and south onto Campbell Street to the intersection of Campbell and Grace Streets. He testified the distance from the corner of the playground to where the transaction occurred was .156 miles or 823.68 feet.[3] The trial court sentenced the Appellant to an aggregate term of imprisonment of twenty-four (24) to fifty-four (54) months, which included the application

1. 35 P.S. § 780–113(a)(30); 35 P.S. § 780–113(a)(16); and 35 P.S. § 780–113(a)(32) respectively.

2. Officer Dockey testified a sidewalk separated the southwestern corner of the playground from Fourth Street. Officer Dockey also testi-

fied the playground was used as a parking lot after school hours.

3. The width of the sidewalk and distance from the police cruiser to the southwestern point on the playground is not included in this calculation. However, Officer Dockey estimated the distance as 13 feet.

of the school enhancement provisions under the sentencing guidelines.

¶ 4 The Appellant raises one issue on appeal. He alleges the trial court erred in imposing a sentence applying the school enhancement provisions of the sentencing guidelines. Specifically, the Appellant claims the measurement should have occurred from the school building rather than the school property. The Appellant also argues the Commonwealth should have used a straight-line measurement rather than a pedestrian measurement. Finally, the Appellant claims the evidence presented at sentencing was not sufficient to establish the drug sale occurred within 1,000 feet of a school.

¶ 5 We recognize the Appellant's claim challenges the discretionary aspects of sentencing. Sentencing is a matter vested in the sound discretion of the sentencing court whose judgment will not be disturbed on appeal absent an abuse of discretion. *Commonwealth v. Campion*, 449 Pa.Super. 9, 672 A.2d 1328, 1333 (1996), *appeal denied,* 545 Pa. 668, 681 A.2d 1340 (1996). It is well settled that an appellant does not have an appeal as of right from the discretionary aspects of his sentence. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Rovinski*, 704 A.2d 1068, 1075 (Pa.Super.1997), *appeal denied,* 555 Pa. 707, 723 A.2d 1024, 1998 Pa. Lexis 1410 (1998). Before a challenge to the judgment of sentence will be heard on the merits, an appellant must demonstrate that there is a substantial question that the sentence imposed is inappropriate under the sentencing guidelines. *Commonwealth v. Rodriquez*, 449 Pa.Super. 319, 673 A.2d 962, 968 (1996), *appeal denied,* 547 Pa. 754, 692 A.2d 565 (1997). To satisfy this requirement, an appellant must set forth in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of

a sentence. Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 513, 522 A.2d 17 (1987). The Appellant in this case has failed to include a Rule 2119(f) statement in his brief.[4] This omission is not fatal to the Appellant's claim if the presence or absence of a substantial question can easily be determined from the Appellant's brief. *Commonwealth v. Maneval*, 455 Pa.Super. 483, 688 A.2d 1198 (1997). We will be inclined to allow an appeal where an appellant advances a colorable argument that the trial court's sentence is inconsistent with the sentencing code or fundamentally contradicts norms which underlie the sentencing process. *Commonwealth v. Cleveland*, 703 A.2d 1046, 1048 (Pa.Super.1997), *appeal denied,* 555 Pa. 739, 725 A.2d 1218, 1998 Pa. Lexis 1367 (1998). We find the Appellant's challenge to the trial court's application of the school enhancement provisions of the sentencing guidelines raises a substantial question under the sentencing code.

¶ 6 We first address the Appellant's claim the measurement should have occurred from the school building rather than the school property. In determining whether the drug sale took place within 1,000 feet of a school, Officer Dockey measured from the playground area of St. Joseph's School rather than from the school building itself. The Appellant concedes § 303.10(b) is silent as to whether the measurement must begin from the school itself or the real property of the school. As a result, he refers us to the federal provision found at 21 U.S.C.A. § 860, **Distribution or manufacturing in or near schools and colleges.** Under the penalty provisions of this section, a person is subject to an enhanced sentence if he violates section 841(a)(1) or section 856 of this title by distributing, possessing with the intent to distribute or manufacturing a controlled substance within 1,000 feet of,

4. We note if the Commonwealth had raised an objection to the Appellant's failure to include a Rule 2119(f) statement in his brief, we would be precluded from addressing the mer-

its of a challenge to the discretionary aspects of sentencing. *Commonwealth v. Minnich*, 443 Pa.Super. 472, 662 A.2d 21, 24 (1995).

the real property comprising a public or private elementary school. 21 U.S.C.A. § 860(a). Because the federal provision specifically allows for application of the enhancement to the real property of the school, the Appellant claims the absence of such language in § 303.10(b) should require measurement to take place from the school building itself.

¶ 7 We do not find the absence of the term "school property" in the enhancement provisions to require the measurement to take place from a school building rather than from school property. "The purpose of this type of school enhancement should be to create a drug-free zone around schools to signal to drug traffickers that their presence in this zone would subject them to longer sentences upon conviction." See Commonwealth v. Murphy, 405 Pa.Super. 452, 592 A.2d 750, 755 (1997) (holding Commonwealth not required to prove for application of school enhancement that defendant intended to be within one thousand feet of a school). We find a school encompasses not only the school building itself, but includes all of the school property located in a zone where children have access such as a school playground. Therefore, measurement from the playground corner was proper, and the trial court did not err in applying the school enhancement.[5]

¶ 8 We strongly disagree with the dissent that the measurement must occur from the school building rather than from the school property. Such an interpretation runs contrary to the purpose of the

school enhancement in creating a drug-free school zone. Today many schools of this Commonwealth have campus like settings, which consist of multiple school buildings, athletic fields, stadiums and playgrounds. The school enhancement should be equally applied to a person who sells drugs to a student on the front steps of the school building to the outermost point of school property. Otherwise, the school enhancement would have no effect in deterring drug traffickers from distributing illegal drugs near our schools. If we followed the dissent's position, it would lead to the illogical result that our students could be approached during school hours on the track field located more than 1,000 feet from the main school building, and the drug dealer would escape this sentencing provision. Such a limited application of the school enhancement would not protect our children or make our schools safe from crime.

¶ 9 In addressing the Appellant's claim that a straight-line measurement should have been utilized, we find that the applicable enhancement provisions make no reference as to the method of measurement. However, common sense dictates that if a straight-line measurement had been used, the distance between the point of sale and the playground of St. Joseph's School would have produced a much shorter distance well within the 1,000 feet requirement. Therefore, we find the Appellant's argument is without merit.

¶ 10 Finally, the Appellant asserts the evidence presented at the sentencing

---

5. We recognize the General Assembly recently enacted 18 Pa.C.S.A. § 6317, **Drug-free school zones**, which provides in pertinent part:

(a) **General rule.**—A person 18 years of age or older who is convicted in any court of this Commonwealth of violation of section 13(a)(14) or (30) of the act of April 14, 1972 (P.S. 233, No. 64), known as The Controlled Substance Drug, Device and Cosmetic Act, shall, if the delivery or possession with intent to deliver of the controlled substance occurred within 1,000 feet of the real

property on which is located a public, private or parochial school or a college university or within 250 feet of the real property on which is located a recreation center playground or on a school bus, be sentenced to a minimum sentence of at least two years of total confinement, notwithstanding any other provision of this title ...

Section 6317 applies to offenses occurring on or after August 25, 1997. The Appellant's drug offenses occurred on May 15, 1997. Therefore, this provision is not applicable in the instant case.

hearing and incorporated from the trial failed to establish the exact location of the sale to permit proper measurement. We find the Appellant has failed to properly develop this issue on appeal or cite to any legal authority to sustain his vague contention. *Commonwealth v. Ellis*, 700 A.2d 948 (Pa.Super.1997). We therefore find this issue waived.

¶ 11 Judgment of Sentence affirmed.

¶ 12 BROSKY, J., files a
DISSENTING OPINION.

BROSKY, J., dissenting.

¶ 1 I dissent. The present appeal requires us to interpret whether the phrase, "within 1000 feet of a public or private elementary or secondary school, . . ." a phrase which is part of a sentence enhancement provision of the Sentencing Guidelines, 204 Pa.Code 303.10(b), should, as a matter of judicial function, be construed by this court to mean within 1,000 feet of the school building itself or within 1,000 feet of the outermost reach of the school's real property.

¶ 2 To be certain, this is a case of judicial interpretation, plain and simple. The reason the matter is in controversy at all can be attributed to a less than perfectly precise choice of words by the Commission on Sentencing in drafting the provision. Further, I cannot assert that the majority's interpretation of the phrase is unreasonable or patently incorrect. Their assessment clearly seems reasonable. However, the converse is true as well.

¶ 3 By way of popular connotation it seems to me that the term "school" connotes the school building itself, while terms such as "schoolyard," "school grounds" or "school property" connote areas beyond the building. Clearly, it could be reasonably asserted that the term "school" means the school building and not the entire school grounds. Thus, we are

faced with a situation where there are competing reasonable interpretations, i.e., the phraseology in question is ambiguous.

¶ 4 Interestingly, the Federal equivalent to 303.10 avoids the problem presented here by utilizing the language "within 1,000 feet of, the real property comprising a public or private elementary school." 21 U.S.C.A. § 860(a). So too does 18 Pa. C.S.A. § 6317, which was a direct enactment by our legislature as opposed to an enhancement promulgated by the Sentencing Commission. If this does not admit to a certain latent ambiguity in the usage of the phrase "school" as opposed to the term "the real property" of a school, it certainly admits that there are less ambiguous phraseologies available.

¶ 5 Not surprisingly, appellant argues that the failure to use a similar wording evinces the intent to enhance the sentences of only those who possess a banned substance within 1,000 feet of the building itself. However, in actuality, while the above may be true, the Commission's failure to use the term "real property" might simply be the result of nothing more than the Commission's failure to be as precise in its wording as was the United States Congress or a failure to even consider the matter at all.

¶ 6 Nevertheless, and semantics aside, there is a very sound reason we should construe the section in question to mean within 1,000 feet of the school building itself as opposed to within 1,000 feet of the school's real property line, that reason being that 1 Pa.C.S.A. § 1928 dictates that penal provisions be strictly construed.

¶ 7 Section 1928 commands us to construe penal provisions strictly. In cases such as these, where the language at issue is capable of two, or possibly more, interpretations § 1928 indicates that we should choose the stricter(est) construction due to the penal consequences which attach.[6]

6. Although the above premise is well established it does not mean that the legislature's general intent should be ignored or that rea-

son and logic should be abandoned. *Commonwealth v. Henderson*, 444 Pa.Super. 170, 663 A.2d 728 (1995). However, with regard

Thus, in light of § 1928 and the ambiguous wording of § 303.10 I would construe that section to require the enhancement of a sentence where it is determined that the possession occurred within 1,000 feet of the school building. Since in the present case the Commonwealth presented no evidence of the distance from the school building to the spot where appellant possessed the cocaine, I believe it was error to apply the enhancement provision of § 303.10. Thus, I would vacate the sentence and remand for resentencing.

¶ 8 The majority counters the thesis of this dissent by asserting that "today many schools of this Commonwealth have campus like settings, which consist of multiple school buildings, athletic fields, stadiums and playgrounds." Apparently the majority is relying upon common experience to make this assertion since there is no citation to any such evidence entered below or similar citation to any studies or statistical profiles documenting this fact.

¶ 9 The majority is likely correct that some schools in the Commonwealth have real property lines beyond 1,000 feet of a school building. I am further aware, as noted above, that § 1928 does not compel an interpretation that would clearly negate the legislative intent of the regulation[7] in question. *Commonwealth v. Wooten*, 519 Pa. 45, 545 A.2d 876 (1988). I further agree with the majority that the basic intent behind the enhancement in question is to provide additional deterrence to drug dealing near schools. However, 1,000 feet is a distance of greater than three football fields. I doubt that the majority of schools in the Commonwealth have property lines that extend more than 1,000 feet from a school building. Certainly few, if any, urban schools would possess this quality and

few suburban schools as well. Thus, I do not believe a large percentage of schools would fall into the anomaly pointed out by the majority if the stricter interpretation were adopted.

¶ 10 But, even for those that do, it does not follow that the stricter interpretation will defeat the general intent of the enhancement provision, although it would likely lessen the effectiveness of that enhancement. Regardless of how you look at it 1,000 feet is 1,000 feet. It is a considerable distance. Assuming that the sentencing enhancement in fact deters drug dealing within 1,000 feet of a school building even those students attending the large campus-like schools will spend the majority of their time within 1,000 feet of the "school building." Further, only the most brazen of drug traffickers would engage in the practice on school property, even if they are more than 1,000 feet from the school building, and its doubtful this decision will result in numerous drug dealers "setting up shop" a 1,001 feet from the school proper simply because the enhancement in question would not apply. Thus, it is dubious to contend that the stricter construction will lay waste to the intent behind the provision. In point of fact, either interpretation will promote the general purpose of the enhancement provision, although, obviously, the stricter interpretation will not promote the purpose as fully.

¶ 11 I would not argue with the majority that the interpretation they espouse would provide greater protection and therefore fulfill the objectives of the provision more fully. Indeed, the majority seems eager to adopt the interpretation that provides the most protection without regard to any possible argument to the

to the language in question neither interpretation is illogical or strained and the phrase could reasonably be construed in either fashion. Thus, under these circumstances the stricter interpretation should be adopted.

7. Generally, administrative rules and regulations are subject to the same principles of

construction that apply to statutes. *Smith v. Mitchell*, 420 Pa.Super. 137, 616 A.2d 17, (1992). In fact, we relied, in part, upon 1 Pa.C.S.A. § 1928 in concluding that a motor vehicle was not a "deadly weapon" for purposes of that sentence enhancement provision in *Commonwealth v. Burns*, 390 Pa.Super. 426, 568 A.2d 974 (1990).

contrary. Further, it could certainly be argued that the majority's decision provides a better policy than the alternative. Indeed, in the absence of 1 Pa.C.S.A. § 1928 I would not hesitate to join them. However, given the existence of 1 Pa. C.S.A. § 1928, I believe we are obligated to apply the stricter construction; thus I am compelled to dissent.