J-S35027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSEPH CHRISTMAN :
:
Appellant : No. 1739 WDA 2016

Appeal from the Order October 21, 2016
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002038-2015

BEFORE: LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY RANSOM, J.: **FILED JULY 27, 2017**

Appellant, Joseph Christman, appeals from the judgement of sentence of thirty-six to seventy-two months of incarceration, imposed October 21, 2016, following his open plea to eleven counts of Sexual Abuse of Children (Possession of Child Pornography).[1] We affirm.

The trial court summarized the relevant facts and procedural history as follows:

> This was an open plea, with the understanding that the sentences imposed for each count would be concurrent. [The court] ordered a Presentence Investigation, as well as Assessment by the Pennsylvania Sexual Offenders Board. After such assessment, the Appellant did not meet the criteria for being classified as a sexually violent predator. [Appellant] also from Concord, New Hampshire, who authored a written report

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. §6312(d)

[Defendant's Exhibit 1] and testified at the time of sentencing. Counsel also submitted a Presentencing Memorandum addressing the issue as to whether the enhancements under 204 Pa. Code §303.10(e) applied.

[The court] found that such enhancements applied, and on October 21, 2016, imposed an aggregate sentence of no less than thirty-six (36) months and no more than seventy-two (72) months in the state correctional system.

Trial Court Opinion, 11/30/16, at 1-2 (internal formatting modified).

Appellant timely appealed the judgment of sentence and filed a court-ordered statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). The trial court issued a responsive opinion. On appeal, Appellant raises the following issue for review:

Whether the sentencing court erred as a matter of law by applying the sentencing enhancement of 204 Pa. Code 303.9(1)(1) to the charges of sexual abuse of children (possession of child pornography) 18 Pa.C.S.A. §6321(d) by aggregating all of the images pertaining to eleven (11) separate and separately sentencable [sic] counts of sexual abuse of children (possession of child pornography) 18 Pa.c.S.A. §6312(d) onto each single count?

Appellant's Brief at 4.

Appellant contends that the trial court incorrectly applied the sentencing enhancement. As such, Appellant's claim challenges the discretionary aspects of his sentence. *Commonwealth v. Rhoades*, 8 A.3d 912 (Pa. Super. 2010). "It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. super. 2010).

To invoke this Court's jurisdiction, an Appellant must satisfy a four-part test: 1) whether the appeal is timely; 2) whether Appellant preserved his issue; 3) whether Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and 4) whether that statement raises a substantial question that the sentence is inappropriate under the Sentencing Code. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013); *see also* Pa.R.A.P. 2119(f).

Appellant fails to meet the second and third prongs and, as such, fails to invoke this Court's jurisdiction. Initially we note that Appellant did not seek reconsideration of his sentence at sentencing or in a post-sentence motion.

> Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. [I]ssues challenging discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the post sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived. The failure is not cured by submitting the challenge in a Rule 1925(b) statement.

*Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa. Super. 2003)(internal citations omitted).

Furthermore, Appellant failed to include in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f), and the Commonwealth has objected to that omission. *See* Brief for Appellee at 5-6. (stating that "[Appellant's] failure to include a Pa.R.A.P. 2119(f) statement in his brief precludes review of this claim"). As

- 3 -

such, this Court may not review the merits of the claim. **_See_** **_Commonwealth v. Farmer_**, 758 A.2d 173, 182 (Pa. Super. 2000) ("[W]e may not reach the merits of [the] claims where the Commonwealth has object[ed] to the omission of the statement.")(quoting **_Commonwealth v. Rodriguez_**, 673 A.2d 962 (Pa. Super 1996)).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2017