J-A07026-18
J-A07027-18
J-A07028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TERRY WAYNE SIFORD | : | |
| Appellant | : | No. 35 MDA 2017 |

Appeal from the Judgment of Sentence July 22, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001793-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TERRY WAYNE SIFORD | : | |
| Appellant | : | No. 36 MDA 2017 |

Appeal from the Judgment of Sentence July 22, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001773-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TERRY WAYNE SIFORD | : | |
| Appellant | : | No. 37 MDA 2017 |

Appeal from the Judgment of Sentence July 22, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000381-2014

J-A07026-18
J-A07027-18
J-A07028-18

BEFORE:   PANELLA, J., OLSON, J., and STEVENS[*], P.J.E.

MEMORANDUM BY PANELLA, J.:                **FILED NOVEMBER 01, 2018**

Terry Wayne Siford challenges the judgments of sentence[1] entered in the Franklin County Court of Common Pleas, following his convictions for robbery, burglary, and related charges. We affirm.

The relevant facts and procedural history of this case are as follows. Appellant targeted elderly citizens in a string of home invasions in towns near the borders of Pennsylvania, Maryland, and Virginia. He would wait until the middle of the night, steal hidden keys or use a crowbar to wrench open a window or door, and startle the home's sleeping occupants while he rummaged through their belongings. When confronted by the victims, Appellant would use threats to force them to turn over money.

After Appellant looted a residence, he would drive across the county to commit a second burglary while police responded to the first incident. Noticing this pattern over several months, detectives in Chambersburg developed a plan for apprehending him. When they received their next report of a home invasion in Franklin County, some of the responding officers positioned their vehicles by Interstate 81. They spotted Appellant, driving erratically in a car

_____

[*] Former Justice specially assigned to the Superior Court.

[1] As discussed in detail below, the court sentenced Appellant in a single proceeding and entered a separate sentencing order at each of the above-captioned docket numbers. Appellant filed a single notice of appeal and combined his appellate issues in a single brief. For ease of review, we have consolidated these appeals *sua sponte*.

- 2 -

that matched the robbery victim's description of her assailant's vehicle. The officers pulled Appellant over, found items in the car taken from several robbery victims, and arrested him.

The Commonwealth filed a motion for joinder, arguing that Appellant's offenses were all part of the same criminal plan, and that evidence of each offense would be admissible in separate trials. The court permitted joinder. Appellant's appointed counsel filed a pre-trial suppression motion. Appellant then filed myriad *pro se* writings, accusing counsel of ineffective representation, and threatening to report counsel to the Disciplinary Board. The court permitted counsel to withdraw, appointed new counsel, and held a hearing on Appellant's suppression motion. The court ultimately denied the motion, and Appellant proceeded to a jury trial. The jury convicted him of sixteen counts of burglary; nine counts of robbery; twelve counts of theft; and three attempt offenses, for burglary and robbery.[2] The court ordered a pre-sentence investigation report, and ultimately sentenced Appellant to an aggregate term of 657 to 1,386 months' incarceration for his crimes. Appellant timely filed post-sentence motions, which the court denied, and this appeal is now before us.

Preliminarily, we address the procedural irregularities of these consolidated appeals. Appellant was charged at three separate dockets. The Commonwealth filed a motion for joinder, which the court granted. Though

---

[2] 18 Pa.C.S.A. §§ 3502(a); 3701(a)(1)(iv); 3921(a); and 901(a), respectively.

Appellant was sentenced in a single proceeding, the court entered a separate sentencing order at each docket number. Once Appellant's post-sentence motions were denied, he filed a single notice of appeal with all three docket numbers listed in the caption. The trial court then forwarded three separate copies of the notice of appeal to this Court, and each was docketed as a separate appeal. Appellant filed a single appellate brief to address issues across all three dockets.

The Note following Rule of Appellate Procedure 341 states:

A party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order[.] Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed.

Pa.R.A.P. 341, Note (citations omitted).

Our Supreme Court recently addressed this Note in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). In that case, four defendants in a robbery case filed motions to suppress evidence, which the suppression court granted. The Commonwealth then filed a single notice of appeal, listing all four docket numbers, from the order granting suppression. A panel of this Court found the single notice of appeal to be improper, and quashed. ***See Commonwealth v. Walker***, No. 2299 EDA 2015 (Pa. Super., filed Sept. 30, 2016) (unpublished memorandum).

On appeal, the Supreme Court addressed the issue of joint appeals from multiple defendants, and the attendant difficulties of considering those

appeals where the resolution of appealed issues may affect each defendant differently. It briefly mentions a case from this Court, *In Interest of P.S.*, 158 A.3d 643 (Pa. Super. 2017), where the panel determined that those concerns were not present in a case with a single juvenile defendant who filed a single notice of appeal from multiple dispositions, and declined to quash. The *Walker* Court found the Note to Rule 341 had been inconsistently applied and analyzed by this Court in relevant case law. The Supreme Court therefore declined to quash the Commonwealth's appeal, but held that "prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." 185 A.3d at 971.

Here, Appellant filed his single notice of appeal from each docket before the *Walker* case was decided. So, while we strongly disapprove of Appellant's decision to file merely a single notice of appeal from three separate dockets, we decline to quash his appeal on that basis. We proceed to a merits analysis.

In Appellant's first issue, he contends the trial court erred in granting the Commonwealth's motion to consolidate all three dockets. Appellant argues consolidation controverted the requirements of Pa.R.Crim.P. 582(A)(1), because the Commonwealth failed to show a common practice or scheme that would make the each offense admissible in a separate trial for the other.

The trial court has discretion in determining whether to join or sever offenses for trial. *See Commonwealth v. Knoble*, 188 A.3d 1199, 1205 (Pa

Super. 2018). We decline to reverse that decision on appeal absent a manifest abuse of that discretion. **See id**.

A defendant may be tried for multiple criminal offenses charged in separate informations if "the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion … or the offenses charged are based on the same act or transaction." Pa.R.Crim.P. 582(A)(1)(a)-(b). If the trial court finds evidence of each offense would be admissible in separate trials, and finds the jury can distinguish the charges, the court must also consider whether the defendant will be unduly prejudiced by consolidation. **See Commonwealth v. Torres**, 177 A.3d 263, 277 (Pa. Super. 2017).

"While evidence of other criminal behavior is not admissible to demonstrate a defendant's propensity to commit crimes, it may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident so long as the probative value of the evidence outweighs its prejudicial effect." **Knoble**, 188 A.3d at 1205 (internal quotations, brackets, and citations omitted). **See also** Pa.R.E. 404(b).

When requesting joinder, the Commonwealth averred Appellant's acts constituted a common scheme, plan, and design. Evidence of this pattern of criminality may also be referred to as a defendant's modus operandi, or a signature crime.

> To prove identity through the use of other crimes, the other crimes must be so nearly identical in method and circumstance as to

earmark them as the handiwork of the accused. … The pattern and characteristics of the crimes must be so unusual and distinctive as to be like a signature. Modus operandi requires more than a mere similarity between crimes. Rather, there must be such a high correlation in the details of the crimes that proof that a person committed one of them makes it very unlikely that anyone else committed the others.

Hon. Daniel J. Anders, *Ohlbaum on the Pennsylvania Rules of Evidence*, § 404.22[2][a] **Signature Crimes to Prove Identity**, **Admissibility**, at 165 (2016).

In evaluating the Commonwealth's motion for joinder, the trial court agreed that evidence of each crime showed a commonality of practice, scheme, or plan that would prove the perpetrator's identity. The court determined evidence of each crime would be admissible in a trial for the other, and that the admission of such evidence would not unduly prejudice Appellant. The court granted the motion for joinder. Appellant now challenges that decision.

Appellant objects to joinder, stating the crimes lacked any specific signature. He posits that to be truly related, each crime would need to share near-identical characteristics. According to Appellant, the Commonwealth needed to prove suitability for joinder by showing an unusual distinction between all cases, like a "certain phrase or quote" repeated to each victim. Appellant's Brief, at 10. While we agree a catchphrase would provide convincing evidence that a perpetrator's crimes were related, such a standard would preclude all but vaudeville bandits from having separate indictments joined for trial.

Appellant's crimes shared *many* similar characteristics. Appellant waited until late at night, when he believed his victims would be asleep, to break into their homes. He specifically targeted older victims, whom he judged ill-equipped to resist as he ransacked their homes. Appellant attempted to locate hidden keys outside of the homes or in garages; when he was unable to find keys, he used a crowbar or similar device to pry open windows and doors. He wore dark clothing and obscured his face with hoods and ski masks during his crimes. When panicked homeowners awoke during his intrusions, he calmly told them that he was looking for money, and that he would not hurt them if they gave it to him. He also warned his victims against informing anyone else. Appellant took cash, coins, jewelry, and other small valuables. Further, Appellant would typically commit several burglaries on the same evening, using Interstate 81 and smaller highways to flit between locations in his vehicle.

Based on all that, we find ample evidence to support the trial court's order granting joinder. Appellant's methods show a distinct criminal signature, making it highly unlikely anyone else committed these crimes. **See** Pa.R.E. 404(b)(2). Such evidence would be admissible in separate criminal trials for each crime. And, this admitted evidence was not unduly prejudicial. Consequently, the trial court did not err by permitting joinder of the indictments.

In Appellant's next issue, he argues the Commonwealth presented insufficient evidence to convict him of robbing I.S.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007) (brackets added; citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. **See Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa. Super. 2004). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." **Id**. (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Bruce**, 916 A.2d at 661 (citation omitted). Evidence is weak and inconclusive "[w]hen two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances…." **Commonwealth v. Woong Knee New**, 47 A.2d 450, 468 (Pa. 1946) (brackets added). However, "[t]he Commonwealth may sustain its burden of

proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009) (brackets added; citations omitted).

A person is guilty of robbery if, during the commission of a theft, he "inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury." 18 Pa.C.S.A. § 3701(a)(1)(iv). "A reviewing court will consider the defendant's intent and actions and not necessarily the subjective state of mind of the victim." ***Commonwealth v. Rodriquez***, 673 A.2d 962, 966 (Pa. Super. 1996) (citations omitted). Thus, whether the victim in fact feared immediate bodily injury under such circumstances is not controlling. ***See Commonwealth v. Davison***, 177 A.3d 955, 957 (Pa. Super. 2018).

To prove the charge that Appellant robbed I.S., the Commonwealth had to show that he threatened her with or intentionally put her in fear of immediate bodily injury. ***See*** 18 Pa.C.S.A. § 3701(a)(1)(iv). S.S., I.S.'s daughter, testified that I.S. was 83 years old at the time of the break-in, used a wheelchair to move around, and was in poor health. ***See*** N.T. Trial, 6/1/16, at 43. S.S. stated that on January 8, 2014, a man wearing overalls and a ski cap woke her up around 1 a.m. as he rustled through her nightstand. ***See id***., at 45-46. S.S. began yelling, and pushed him out of the room and into the hallway. ***See id***., at 45. I.S. awoke during the fracas, in a bedroom Appellant had already ransacked, and shouted, "what's going on, what's going on?" N.T.

Hearing, 9/12/14, at 91; N.T. Trial, 6/1/16, at 46. I.S. rolled her wheelchair to the hall as S.S. continued pushing Appellant. *See* N.T. Trial, 6/1/16, at 46. Appellant called out, "hey, buddy, she's getting out of hand. Bring in the gun!" before fleeing as the two women called the police. *Id*., at 62.

Appellant asserts his threats about the gun were directed solely at S.S. According to Appellant, no evidence exists to show his conduct put I.S in fear of immediate bodily injury. We disagree.

Though I.S. did not testify, the Commonwealth presented plenty of evidence to show Appellant's intention was to put her and her daughter in fear of immediate bodily injury. S.S. testified that I.S. awoke in the middle of the night, found her bedroom had been ransacked as she slept, and saw her daughter struggling with a masked intruder. The intruder then threated the women with a gun. The fact that the Commonwealth did not present testimony from I.S. describing her state of mind is of no moment. As the reviewing Court, we will consider Appellant's intent and actions, not I.S.'s subjective state of mind. *See Rodriquez*, 673 A.2d at 966. The record makes clear that Appellant's intent was to instill fear of bodily injury in the women, so they would stop resisting as he looted their home. And because Appellant only contests the fear of bodily injury element of the robbery statute, we need not address the remaining elements. Therefore, we find sufficient evidence to affirm Appellant's conviction for robbing I.S.

In Appellant's final issue, he challenges the discretionary aspects of his sentence.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal brackets and citation omitted).

Here, Appellant filed a timely notice of appeal, and preserved the issue in a motion to modify his sentence. Appellant's brief fails to include a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Nevertheless, we may review his claim, as the Commonwealth has not objected, and we can determine the presence or absence of a substantial question based on his brief. *See Commonwealth v. Davis*, 734 A.2d 879, 882 (Pa. Super. 1999).

Appellant contends the sentencing court failed to adequately consider his rehabilitative needs, because it did not articulate how the sentence addressed his acknowledged alcohol and opioid addictions. This Court has repeatedly held the mere assertion that the sentencing court failed to give adequate weight to sentencing factors of record, without more, does not raise a substantial question for appellate review. *See*, *e.g.*, ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*).

Here, Appellant concedes that the sentencing court knew of, and addressed on the record, his drug and alcohol addictions. We also note the sentencing court had the benefit of a pre-sentence investigation report ("PSI"). Where the sentencing court had the benefit of reviewing a PSI, "we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Rhoades***, 8 A.3d 912, 919 (Pa. Super. 2010) (internal quotations and citation omitted).

Further, even if we were to address his arguments on the merits, we would not have found his sentence constituted an abuse of the court's discretion. The trial court imposed standard range sentences on each conviction, but ran them consecutively. A sentences imposed within the standard guideline range is presumptively reasonable. ***See Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009); ***Commonwealth v. Fowler***, 893 A.2d 758, 767 (Pa. Super. 2006). The sentencing court,

moreover, did consider Appellant's substance abuse problems, but also "considered that [Appellant] had absolutely nothing to say at the time of his sentencing which would have given us any explanation of what, if any, rehabilitation [he] would benefit from." Trial Court Opinion, filed 12/13/16, at 13. We would not find this weighing of relevant factors to be an abuse of discretion, and consequently would have found that Appellant is due no relief on this claim. Accordingly, we affirm his judgment of sentence.

Judgments of sentence affirmed.

Judge Olson joins the memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2018