J-A29025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AARON HAYNES, | |
| Appellant | No. 2173 EDA 2016 |

Appeal from the Judgment of Sentence January 7, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0002625-2014

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AARON HAYNES, | |
| Appellant | No. 2175 EDA 2016 |

Appeal from the Judgment of Sentence January 7, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0005462-2015

BEFORE: LAZARUS, J., PLATT, J.,[*] and STRASSBURGER, J.[*]

MEMORANDUM BY PLATT, J.: **FILED FEBRUARY 05, 2018**

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant, Aaron Haynes, appeals from the judgment of sentence imposed following his guilty plea convictions of theft and violations of the Uniform Firearms Act (VUFA). Specifically, he challenges the validity of his guilty pleas and the discretionary aspects of his sentences. We affirm.

We take the factual history in this matter from the trial court's September 12, 2016 opinion.

> On February 19, 2014[, Appellant] was arrested on the 1500 block of North Redfield in the city and county of Philadelphia, after police officers responded to [a] report of a person with a gun. The police observed [Appellant] exit the passenger side of a car and begin walking northbound. The police officers observed [Appellant] with a black semi-automatic handgun in his hand. [Appellant] was arrested with the gun[,] which was a 40mm semi-automatic handgun that was loaded with seven [] live rounds in the magazine and one [] in the chamber. [Appellant] was arrested and charged [(at Docket No. 2625-2014)] with [VUFA]—Possession of a Firearm Without a License to Carry, VUFA—Carrying a Firearm [i]n Public [i]n Philadelphia, and VUFA—Possession of a Firearm by a Prohibited Person. On September 10, 2014[,] while out on bail for the VUFA case, [Appellant] was arrested on the 1500 block of North Redfield for Possession with Intent to Deliver. [Appellant] had under a gram of crack cocaine and $130 [i]n his possession. [Appellant] was observed making one sale prior to his arrest. While again out on bail, on May 13, 2015[, Appellant] was again on [the] 1500 block of North Redfield in the city and county of Philadelphia, when the police observed [him] with several males standing in front of an abandoned property when he attempted to flee from the police and discarded a gun. The gun was a semi-automatic handgun loaded with thirteen [] live rounds, and had previously been reported stolen. [Appellant] was arrested and charged [(at Docket No. 5462-2015)] with VUFA—Possession of a Firearm Without a License to Carry, VUFA—Carrying a Firearm [i]n Public [i]n Philadelphia, and Theft—Receiving Stolen Property.

(Trial Court Opinion, 8/12/16, at 1-2) (record citations omitted).

- 2 -

On September 8, 2015, Appellant entered into an open guilty plea at Docket No. 5462-2015, to theft by receiving stolen property, firearms not to be carried without a license, and carrying a firearm in public in Philadelphia.[1] On January 7, 2016, he entered into an open guilty plea at Docket No. 2625-2014, to firearms not to be carried without a license, carrying a firearm in public in Philadelphia, and possession of a firearm by a prohibited person.[2] Following Appellant's guilty pleas, the court conducted a sentencing hearing.

At Docket No. 5462-2015, the court imposed consecutive sentences of not less than five nor more than ten years of incarceration for theft by receiving stolen property, not less than three and one-half nor more than seven years for firearms not to be carried without a license, and not less than two and one-half nor more than five years for carrying a firearm in public in Philadelphia.

At Docket No. 2625-2014, the court imposed consecutive sentences of not less than three and one-half nor more than seven years for firearms not to be carried without a license, not less than two and one-half nor more than five years for carrying a firearm in public in Philadelphia, and not less than two and one half nor more than five years for possession of a firearm by a prohibited person. The court imposed the sentence at Docket No. 2625-2014, **concurrent** to the sentence at Docket No. 5462-2015.

---

[1] **See** 18 Pa.C.S.A. §§ 3925(a), 6106(a)(1), and 6108 respectively.

[2] **See** 18 Pa.C.S.A. §§ 6106(a)(1), 6108, and 6105(a)(1) respectively.

Also, on January 7, 2016, Appellant pleaded guilty at Docket No. 13995-2014, to possession with intent to deliver a controlled substance. The trial court imposed a term of ten years of probation at this count consecutive to the sentences imposed at Docket Nos. 5462-2015 and 2625-2014. Appellant did not appeal this sentence.

Thus, Appellant's aggregate term of imprisonment was not less than eleven nor more than twenty-two years, followed by ten years of probation. Appellant filed a post-sentence motion to reconsider in which he claimed that the sentence imposed was excessive; he did not challenge the validity of his guilty pleas. On June 2, 2016, following a hearing, the court denied his motion. This timely appeal followed.[3]

Appellant raises two issues on appeal.

1) Whether both the trial court and defense counsel failed to inform [Appellant] on the record as required by Pa.R.Crim.P. 590(a)(3) of the elements and nature of the charges against him and the permissible ranges of sentences and/or fines for the offenses charged such that [Appellant's] guilty plea was not knowingly, intelligently and voluntarily entered?

2) Whether the sentencing court sentenced outside the applicable sentencing guidelines, failed to consider [Appellant's] rehabilitative needs and the sentence is unreasonable[?]

(Appellant's Brief, at 4).

_____

[3] Pursuant to the trial court's order, Appellant filed his statement of errors complained of on appeal on August 10, 2016. The trial court entered its opinion on September 12, 2016. *See* Pa.R.A.P. 1925.

In his first issue, Appellant challenges the validity of his guilty pleas. (**See id.** at 10-20). Because he did not raise this claim before the trial court, it is waived.

> . . . [I]ssues not preserved in the trial court may not be pursued before this Court. [**See**] Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. . . .

**Commonwealth v. Rush**, 959 A.2d 945, 948–49 (Pa. Super. 2008), *appeal denied*, 972 A.2d 521 (Pa. 2009) (case citation omitted); **see** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Appellant did not raise his challenge to the validity of the guilty pleas in the trial court either during sentencing or in his post-sentence motion. Therefore, Appellant's first issue is waived.

Moreover, to the extent that Appellant alleges the ineffectiveness of plea counsel for failure to explain the elements and nature of the charges against him, he is raising an ineffective assistance of counsel claim, which is not proper on direct appeal. "[A]s a general rule, claims of ineffective assistance of counsel will not be entertained on direct appeal." **Commonwealth v. Liston**, 977 A.2d 1089, 1094 (Pa. 2009) (citation omitted); **see Commonwealth v. Baker**, 72 A.3d 652, 665 (Pa. Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014) (requiring valid waiver of PCRA review prior to review of ineffectiveness claims on direct appeal). Appellant has not waived

his right to collateral review, thus we decline to consider his claim of ineffective assistance of counsel.[4]

In his second issue, Appellant challenges the discretionary aspects of his sentence. (**See** Appellant's Brief, at 21-30). Our standard of review of a challenge to the discretionary aspects of a sentence is well-settled.

> The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citations omitted).

In the instant case, Appellant filed a timely notice of appeal and preserved his issues in a post-sentence motion. He included a Pa.R.A.P.

---

[4] Furthermore, we observe that both of Appellant's signed written guilty plea colloquies state: "My lawyer told me what the elements of the crimes(s) are[,]" and "The crimes and elements of the crime(s) have been explained to me." (Written Guilty Plea Colloquy, at 1, 3). An appellant is bound by statements made during the plea colloquy, including written guilty plea colloquies, and cannot later assert grounds for withdrawing his plea that contradict such statements. **See Commonwealth v. Reid**, 117 A.3d 777, 784 (Pa. Super. 2015).

2119(f) statement in his brief.[5]  (***See generally*** Appellant's Brief, at 21-23).

Therefore, we must determine whether he has raised a substantial question.

> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process.  At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

***Zirkle***, ***supra*** at 132 (citation omitted).

In his Rule 2119(f) statement, Appellant claims that the trial court abused its discretion when it imposed his sentences consecutively and that the trial court considered improper factors when imposing its sentence.  (***See*** Appellant's Brief, at 21-23).

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question.  Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

***Commonwealth v. Caldwell***, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*), *appeal denied*, 126 A.3d 1282 (Pa. 2015) (citations and quotation

---

[5] We note that, contrary to requirements set forth by this Court, Appellant's Rule 2119(f) statement is not a "separate section of the brief[,]" as required by Rule 2119(f).  Pa.R.A.P. 2119(f).  The Commonwealth has objected to this deficiency.  (***See*** Commonwealth's Brief, at 14-15).  However, because this omission does not materially impede our appellate review, in the interest of judicial economy, we consider Appellant's statement to be technically compliant.  ***See Commonwealth v. Davis***, 734 A.2d 879, 882 (Pa. Super. 1999).

marks omitted); *see Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (challenge to consecutive sentences and claim of failure to consider mitigating factors together presented substantial question).

Based on our review, we conclude that Appellant's challenge to the imposition of his consecutive sentences as manifestly excessive, together with his claim that the trial court relied on an impermissible factor, presents a substantial question. *See Caldwell*, *supra* at 769. Therefore, we address the merits of his claim.

Appellant contends that the trial court abused its discretion "by sentencing [him] to serve consecutive sentences of incarceration that aggravated [sic] to a lengthy state prison sentence[;] by not considering mitigation evidence[;] and [by] relying on unreliable information that affected the court's impartiality." (Appellant's Brief, at 21; *see id.* at 21-30). Specifically, he argues that the trial court abused its discretion when it imposed consecutive aggravated sentences on each VUFA charge, where none of the cases involved violence. (*See id.* at 27-28). He further asserts that the court abused its discretion because it suggested that he terrorized the neighborhood and relied on the Commonwealth's misrepresentation that he was released on bail that had been lowered by the sentencing judge. (*See id.* at 28-30). We disagree.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather,

> the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. . . . [A]nd, of course, the court must consider the sentencing guidelines.

*Commonwealth v. Fullin*, 892 A.2d 843, 847–48 (Pa. Super. 2006) (citations and quotation marks omitted); *see also* 42 Pa.C.S.A. § 9721.

Here, after imposing its sentence, and in response to Appellant's motion to reconsider, the trial court explained that it

> Consider[ed] the guidelines in sentencing [Appellant], but deviated from them based on the protection of the community, prevention, punishments and rehabilitation. It would appear that [Appellant] is a terror on Redfield Street with his two gun convictions and a drug conviction. After [Appellant] was arrested for his first offense in February 2014, he was released on bail[,] but then was arrested for Possession with Intent to Deliver and another VUFA violation. [Appellant's] second VUFA arrest was with a stolen gun. [Appellant] is a threat to the public and has no intention of stopping his criminal activities. . . .

(Trial Ct. Op., at 6). During sentencing, after Appellant moved for reconsideration of the sentence, the court explained that it "gave him the benefit of concurrent sentences. . . . I gave him the benefit of probation. . . . I could have given him a much larger sentence. I could have given him,

- 9 -

like, 12 and a half to 25 years. I could have given him 20 to 40." (N.T. Hearing, 1/07/16, at 23).[6]

Cognizant of our standard of review, we discern no abuse of the trial court's discretion in imposing aggravated-range sentences consecutively, particularly when the trial court imposed the sentences at Docket Nos. 5462-2015 and 2625-2014 concurrently. **See Fullin**, **supra** at 847-48. Furthermore, we find no abuse of discretion where, although the particular judge had not lowered Appellant's bail, the trial court's reliance on the fact that Appellant committed the second set of VUFA violations while released on bail that had been lowered (by a different judge) was accurate. Finally, we conclude that the trial court's characterization of Appellant's actions as "a terror on Redfield Street," does not evidence an abuse of discretion where Appellant was twice apprehended for gun offenses on that particular street. (Trial Ct. Op., at 6). Appellant has not demonstrated that the sentence was manifestly unreasonable or the result of partiality, prejudice, bias or ill-will. **See Fullin**, **supra** at 847-48. Appellant's second issue does not merit relief.

Judgment of sentence affirmed.

---

[6] The statutory maximum aggregate sentence at Docket Nos. 5462-2015 and 2625-2014, was not less than nineteen and one-half nor more than thirty-nine years' imprisonment.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/18