J-S81029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON NATHAN BREDBENNER | |
| Appellant | No. 757 MDA 2017 |

Appeal from the Judgment of Sentence Entered March 17, 2017
In the Court of Common Pleas of Schuylkill County
Criminal Division at No.: CP-54-CR-0001302-2016

BEFORE:  PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED MARCH 20, 2018**

Appellant Jason Nathan Bredbenner appeals from the March 17, 2017 judgment of sentence entered in the Court of Common Pleas of Schuylkill County ("trial court"), following his jury convictions for possession with intent to deliver ("PWID") a controlled substance (heroin), recklessly endangering another person ("REAP"), and simple assault.[1]  Upon review, we affirm.

The facts and procedural history underlying this case are undisputed. Briefly, officers from the Shenandoah Borough Police Department responded to a reported overdose at Appellant's residence.  After emergency medical technicians revived the overdosed victim, S.U., she informed the police

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. §§ 2705, and 2701(a)(1), respectively.

officers that she had purchased heroin from Appellant for $120.00 and asked him to inject it into her. Appellant subsequently was arrested and charged with, *inter alia*, the foregoing crimes.[2] The case proceeded to trial. As the trial court summarized:

> At trial, the Commonwealth presented evidence that on May 18, 2016, Officer Cody Applegate of the Shenandoah Borough Police Department was dispatched to [Appellant's] residence at 23 South Chestnut Street in Shenandoah for a heroin overdose. Upon arriving at the location, Applegate heard sounds emanating from inside the residence, including what he described as a male's voice, running, a door open and a bag of garbage hit the ground. After knocking several times on the front door, Applegate entered the residence and found [S.U.] unconscious on a couch. [S.U.'s] skin was blue, a hypodermic needle was next to her but no other paraphernalia was visible. Applegate asked [Appellant], who was also present, if he had moved the "bags." [Appellant] said he had not. Applegate asked several times if there was anything in the house that had been moved. [Appellant] denied that any contraband was in the house.
>
> After emergency personnel arrived, Applegate saw that the back door of the residence was open. He asked [Appellant] if anyone had run out the door. [Appellant] said he had left the door open. Applegate noticed an open garbage bag with small bags of what he believed had contained heroin. He also found a box engraved with the name "Eddie," [Appellant's] nickname. Two needles and empty heroin bags were in the box. While EMS personnel were working on [S.U.], Applegate found heroin bags on the floors of upstairs rooms together with other drug

---

[2] By way of background, on November 28, 2016, the trial court granted Appellant's petition for writ of *habeas corpus* insofar as it dismissed the charges of criminal attempt to commit drug delivery resulting in death (18 Pa.C.S.A. §§ 901(a) and 2506(a)) and aggravated assault (18 Pa.C.S.A. § 2702(a)(1)) against Appellant. Moreover, on the day of trial, in response to Appellant's filing of a motion *in limine*, the Commonwealth *nolle prossed* charges of possession of a controlled substance (35 P.S. § 780-113(a)(16)) and possession of drug paraphernalia (35 P.S. § 780-113(a)(32)) against Appellant.

paraphernalia. Eight full bags of heroin and two empty bags with the term "Fresh Direct" were recovered.

Shenandoah Police Officer Travis Bowman was on duty May 18, 2016, when he was dispatched to the scene. The caller said someone was overdosing in the house. While *en route*, Bowman received a second dispatch for a call that had been received from another caller who was identified as [Appellant]. Like Applegate, Bowman heard running in the house and the shutting of a door after the officers had arrived but before they entered [Appellant's] residence.

[S.U.] testified that she had gone to [Appellant's] home to buy heroin from him that day. [S.U.] said she had been referred to the house and to [Appellant] as being someone to see for heroin. Upon arriving at the residence, [S.U.] gave [Appellant] $120.00. [Appellant] left the home but returned with heroin. [S.U.] asked that he inject her. [Appellant] prepared the heroin and injected it into [S.U.'s] left arm. After a period of time, [S.U.] asked that [Appellant] do so again and he did. [S.U.] described how [Appellant] placed water in a cup with heroin and then drew the substance through a cotton ball into a syringe and injected it into her left arm.

Ann Marie Kovalewski, a Shenandoah ambulance paramedic, testified that she responded to the scene for a report of an overdose and a person not breathing. Three EMTs were at the scene when she arrived. [S.U.] was cyanotic, exhibited shallow breathing and low heart rate. Because the Narcon given to [S.U.] nasally by the EMTs had not been effective to revive her, Kovalewski gave [S.U.] Narcon intravenously. [S.U.] responded and became conscious. According to Kovalewski, Narcon only works to revive a person who is on narcotics.

A forensic scientist from Pennsylvania State Police Crime Laboratory analyzed evidence collected by the Shenandoah police that day and found that the bags submitted contained heroin.

Trial Court Opinion, 4/21/17, at 2-4. Following trial, the jury found Appellant guilty of PWID, REAP and simple assault and not guilty of tampering with physical evidence (18 Pa.C.S.A. § 4910(1)). On March 17, 2017, the trial court sentenced Appellant to three to six years in prison for PWID, one to two

years in prison for REAP, and two years of probation for simple assault.  The sentences were ordered to run consecutively.  Thus, in the aggregate, the trial court sentenced Appellant to serve four to eight years in prison.  Appellant timely filed a post-sentence motion, which the trial court denied on April 21, 2017.  Appellant appealed to this Court.  The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied.  In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant presents two issues for our review:

I.      Should the charge of [PWID] be dismissed?

II.     Did the court improperly sentence [Appellant] to a period of incarceration beyond the aggravated range of the sentencing guidelines and illegally sentence [Appellant] to consecutive sentences for [REAP] and simple assault which would merge for sentencing purposes?

Appellant's Brief at 6.

We begin with Appellant's first issue, in support of which he claims that the trial court should have dismissed his PWID charge under the Drug Overdose Response Immunity statute (the "Act"), 35 P.S. § 780-113.7, because he called 911 to report S.U.'s overdose and remained at the scene with her.

The instant action requires us to engage in statutory interpretation. Pursuant to the Statutory Construction Act, "the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the

General Assembly." 1 Pa.C.S. § 1921(a). It is well settled that the best indication of the General Assembly's intent may be found in a statute's plain language. **See id.**, § 1921(b). Thus, "when the language of a statute is plain and unambiguous and conveys a clear and definite meaning," we must give the statute this plain and obvious meaning. **Cagey v. Commonwealth**, __ A.3d __, 2018 WL 987783, at *3 (Pa. 2018) (citations omitted).

Section 780-113.7 of the Act provides in pertinent part:

(a) A person may not be charged and shall be immune from prosecution for any offense listed in subsection (b) and for a violation of probation or parole if the person can establish the following:

(1) law enforcement officers only became aware of the person's commission of an offense listed in subsection (b) because the person transported a person experiencing a drug overdose event to a law enforcement agency, a campus security office or a health care facility; or

(2) all of the following apply:

(i) the person reported, in good faith, a drug overdose event to a law enforcement officer, the 911 system, a campus security officer or emergency services personnel and the report was made on the reasonable belief that another person was in need of immediate medical attention and was necessary to prevent death or serious bodily injury due to a drug overdose;

(ii) the person provided his own name and location and cooperated with the law enforcement officer, 911 system, campus security officer or emergency services personnel; and

(iii) the person remained with the person needing immediate medical attention until a law enforcement officer, a campus security officer or emergency services personnel arrived.

(b) The prohibition on charging or prosecuting a person as described in subsection (a) bars charging or prosecuting a person

- 5 -

for probation and parole violations and for violations of section 113(a)(5), (16), (19), (31), (32), (33) and (37).

(c) Persons experiencing drug overdose events may not be charged and shall be immune from prosecution as provided in subsection (b) if a person who transported or reported and remained with them may not be charged and is entitled to immunity under this section.

(d) The prohibition on charging or prosecuting a person as described in this section is limited in the following respects:

(1) This section may not bar charging or prosecuting a person for offenses enumerated in subsection (b) if a law enforcement officer obtains information prior to or independent of the action of seeking or obtaining emergency assistance as described in subsection (a).

(2) ***This section may not interfere with or prevent the investigation, arrest, charging or prosecution of a person for the delivery or distribution of a controlled substance, drug-induced homicide or any other crime not set forth in subsection (b)***.

(3) This section may not bar the admissibility of any evidence in connection with the investigation and prosecution for any other prosecution not barred by this section.

(4) This section may not bar the admissibility of any evidence in connection with the investigation and prosecution of a crime with regard to another defendant who does not independently qualify for the prohibition on charging or prosecuting a person as provided for by this section.

35 P.S. § 780-113.7(a)-(d) (emphasis added).

Instantly, based on our review of the Act, we conclude that the trial court did not err in declining to dismiss the charge of PWID under the Act. Contrary to Appellant's assertion, the Act expressly, by its plain language, prohibits the interfering with or preventing the investigation, arrest, charging

- 6 -

or prosecution of a person for PWID. Accordingly, Appellant is not entitled to relief.

We now address Appellant's second issue, which subsumes two issues. First, Appellant challenges the legality of his sentence by claiming that the trial court failed to merge REAP and simple assault for purposes of sentencing. Second, he challenges the discretionary aspects of his sentence. Specifically, he claims that the trial court abused its discretion in sentencing him beyond the aggravated range for PWID without providing adequate reasons on the record.

Appellant's merger issue implicates the legality of his sentence. **Commonwealth v. Rodriguez**, 673 A.2d 962, 967 (Pa. Super. 1996) (stating "questions of merger relate to the legality of sentence"), **appeal denied**, 692 A.2d 565 (Pa. 1997). As such, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Gentry**, 101 A.3d 813, 817 (Pa. Super. 2014).

Appellant argues that his sentences for simple assault and REAP should have merged because "[b]oth charges arose from a single act." Appellant's Brief at 15 (internal citations omitted). We resolved this issue in **Commonwealth v. Calhoun**, 52 A.3d 281, 289 (Pa. Super. 2012), **appeal denied**, 67 A.3d 793 (Pa. 2013). In **Calhoun**, we held that both REAP and simple assault do not merge for sentencing purposes as they contain distinct elements. **Calhoun**, 52 A.3d at 289. Accordingly, Appellant's legality of sentence claim fails.

We now turn to Appellant's discretionary aspects of sentencing claim.[3] It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

---

[3] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part *Moury* test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in his brief.[4]

We now turn to the fourth part of the *Moury* test, *i.e.*, we must determine if Appellant's sentencing issue raises a substantial question. The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 895 (Pa. 2009). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule]

---

[4] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa. Super. 2013), **affirmed**, 125 A.3d 394 (Pa. 2015).

It is settled that this Court does not accept bald assertions of sentencing errors. **See Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Commonwealth v. Ahmad**, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting **Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]" **Commonwealth v. Bullock**, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Here, Appellant asserts in his Rule 2119(f) statement that the trial court abused its discretion in sentencing him outside the aggravate range for PWID without providing "specific reasons for the sentence that complied with the considerations required in 42 Pa.C.S.A. § 9721(b)." Appellant's Brief at 9. Based on Appellant's 2119(f) statement, we conclude that he has raised a substantial question. It is settled law that claims that the sentencing court imposed a sentence outside the standard guidelines without providing adequate reasons on the record presents a substantial question.

***Commonwealth v. Antidormi***, 84 A.3d 736, 759 (Pa. Super. 2014), ***appeal
denied***, 95 A.3d 275 (Pa. 2014); ***see Commonwealth v. Macias***, 968 A.2d
773, 776 (Pa. Super. 2009) ("The failure to set forth adequate reasons for the
sentence imposed has been held to raise a substantial question.") (citation
omitted).  Accordingly, we grant Appellant's petition for allowance of appeal.

The Sentencing Code provides that the sentencing court "shall follow the
general principle that the sentence imposed should call for confinement that
is consistent with the protection of the public, the gravity of the offense as it
relates to the impact on the life of the victim and on the community, and the
rehabilitative needs of the defendant."  42 Pa.C.S.A. § 9721(b).  Additionally,
in every case where a sentencing court imposes a sentence outside of the
sentencing guidelines, the court must provide, in open court, a
contemporaneous statement of reasons in support of its sentence.  ***Id.***  When
doing so,

> a [sentencing] judge . . . [must] demonstrate on the record, as a
> proper starting point, its awareness of the sentencing guidelines.
> Having done so, the sentencing court may deviate from the
> guidelines, if necessary, to fashion a sentence which takes into
> account the protection of the public, the rehabilitative needs of
> the defendant, and the gravity of the particular offense as it
> relates to the impact on the life of the victim and the community,
> so long as it also states of record the factual basis and specific
> reasons which compelled it to deviate from the guideline range.

***Commonwealth v. Bowen***, 55 A.3d 1254, 1264 (Pa. Super. 2012) (citation
and brackets omitted), ***appeal denied***, 64 A.3d 630 (Pa. 2013); ***see also
Commonwealth v. Dutter***, 617 A.2d 330, 333 (Pa. Super. 1992) (stating

- 11 -

that "[i]f the court finds it appropriate to sentence outside the guidelines, of course it may do so as long as it places its reasons for the deviation on the record."). Finally, when evaluating a challenge to the discretionary aspects of sentence, it is important to remember that the sentencing guidelines are purely advisory in nature. **Commonwealth v. Yuhasz**, 923 A.2d 1111, 1118 (Pa. 2007); **see also Commonwealth v. Walls**, 926 A.2d 957, 963 (Pa. 2007) (stating that "rather than cabin the exercise of a sentencing court's discretion, the [sentencing] guidelines merely inform the sentencing decision.").

Here, based on our review of the record, we conclude that the trial court did not abuse its sentencing discretion and provided adequate reasons, on the record, for the sentence imposed. As the trial court aptly explained:

> During sentencing, the court informed [Appellant] in open court on the record that the sentence was imposed after consideration of all the evidence presented at trial, the information in the pre-sentence investigation report including the sentencing guidelines, and the sentencing hearing. The court also advised [Appellant] – who showed no remorse for his action, but, rather spoke defiantly relative to his responsibility for delivering and injecting [S.U.] with heroin – that because of the seriousness of the underlying facts of the crime which involved not just a simple drug delivery but the purchase for, delivery to and injection of [S.U.], [Appellant's] own drug history involving bath salts and heroin, together with possible mental health issues that needed to be addressed, the sentence was imposed. [The trial court] believed the sentence was proportional to all of the pertinent circumstances including those of the offense, the protection of society, [Appellant's] need for rehabilitation and time to address his own drug issues and acceptance of responsibility for the criminal activity which resulted in [S.U.'s] near death.

Trial Court Opinion, 4/21/17, at 7-8. Accordingly, we conclude that the trial court provided adequate reasons for its deviation from the guidelines in sentencing Appellant to three to six years' imprisonment for PWID. *See Commonwealth v. Sheller*, 961 A.2d 187, 191–92 (Pa. Super. 2008) (stating that the trial court did not abuse its discretion in imposing a sentence beyond the aggravated range where the court considered the pre-sentence investigation report, sentencing guidelines, protection of public, and appellant's rehabilitative needs), *appeal denied*, 980 A.2d 607 (Pa. 2009); *see also Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2006) (rejecting the appellant's claim that the sentencing court had abused its discretion by imposing sentence without stating adequate reasons on the record, and holding that "[s]ince the sentencing court had and considered a [PSI], this fact alone was adequate to support the sentence[.]").

Judgment of sentence affirmed.

Judge Platt joins this memorandum.

Judge Panella concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/20/2018

- 13 -