J-S63015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 181 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 11, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008041-2017

BEFORE:   GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY GANTMAN, P.J.E.:          **FILED DECEMBER 30, 2019**

Appellant, Steven Williams, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for indecent assault of a person less than 13, endangering welfare of children ("EWOC"), and corruption of minors.[1]  We affirm.

In its opinions, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no need to restate them.  We add that Appellant's sentence also included an obligation to register for life as a Tier III offender under the Sexual Offender Registration and Notification Act ("SORNA").

Appellant raises the following issues for our review:

DID THE [TRIAL] COURT ERR BY GRANTING THE [SECTION]

_____

[1] 18 Pa.C.S.A. §§ 3126(a)(7), 4304(a)(1), 6301(a)(1)(i), respectively.

[*] Retired Senior Judge assigned to the Superior Court.

404(B) PRIOR BAD ACTS MOTION OF THE COMMONWEALTH TO ADMIT OTHER ACTS EVIDENCE?

WAS THE EVIDENCE INSUFFICIENT TO CONVICT [APPELLANT]?

(Appellant's Brief at 3).

The standard of review for admission of evidence is as follows: "The admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that discretion, and resulting prejudice, constitutes reversible error." **Commonwealth v. Ballard**, 622 Pa. 177, 197-98, 80 A.3d 380, 392 (2013), *cert. denied*, ___ U.S. ___, 134 S.Ct. 2842, 189 L.Ed.2d 824 (2014).

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

**Commonwealth v. Goldman**, 70 A.3d 874, 878-79 (Pa.Super. 2013), *appeal denied*, 624 Pa. 672, 85 A.3d 482 (2014). "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." **Commonwealth v. Lopez**, 57 A.3d 74, 81 (Pa.Super. 2012), *appeal denied*, 619 Pa. 678, 62 A.3d 379 (2013).

After a thorough review of the record, the briefs of the parties, the

applicable law, and the well-reasoned opinions of the Honorable Timika R. Lane and the Honorable Lucretia Clemons, we conclude Appellant's issues merit no relief. The trial court opinions comprehensively discuss and properly dispose of the questions presented. (*See* Trial Court Opinion, filed June 10, 2019, at 2-5 unpaginated) (finding: **(1)** factual circumstances of Appellant's alleged sexual assault of Victim and J.R. were nearly identical; at time of abuse, both Victim and J.R. were under age of ten; both Victim and J.R. described very similar instances of sexual assault; lapse in time from Appellant's purported sexual assault of J.R. to J.R.'s disclosure of assault and Appellant's assault of Victim did not outweigh similarity of alleged events of both assaults; any prejudice Appellant suffered from admission of J.R.'s alleged sexual abuse did not outweigh probative value; J.R.'s allegation against Appellant was necessary to combat Appellant's trial strategy of impeaching Victim's credibility by arguing J.R. convinced Victim to lie; bench trial further minimized any prejudicial effect). (*See also* Trial Court Opinion, filed April 17, 2019, at 4-8) (finding: **(2)** Appellant failed to specify in his Rule 1925(b) statement which elements of offenses were not satisfied by evidence; therefore, Appellant's sufficiency claim is waived; moreover, even if Appellant had preserved his sufficiency claim, it would not merit relief; Victim testified that when she was five years old, Appellant touched her vagina and buttocks with his hand while on top of her; to extent Appellant asserts evidence was insufficient because there was no physical evidence of abuse, testimonial

evidence alone can be sufficient; at trial, there was testimonial evidence of each element of each crime from Victim; Victim's testimony met requirements of indecent assault of person less than 13; as to Appellant's conviction for EWOC, trial evidence established Victim lived with Appellant and that Appellant and Victim's grandmother, L.R., were sole two adults at house when sexual assault occurred; evidence also showed Appellant supervised Victim and her siblings on occasion when L.R. was not present; when Victim and L.R. temporarily moved to hotel, Appellant was often present; therefore, evidence established Appellant was person supervising welfare of Victim and satisfied all elements of EWOC; regarding corruption of minors conviction, trial evidence showed Appellant was over 18 and Victim was under 18, when Appellant sexually abused Victim; therefore, Commonwealth presented sufficient evidence to convict Appellant of corruption of minors).  The record supports the trial court's decision.  Accordingly, we affirm on the basis of the trial court opinions.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/19

- 4 -

## IN THE COURT OF COMMON PLEAS
## FOR THE COUNTY OF PHILADELPHIA
## CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| **COMMONWEALTH** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **V.** | : | |
| | : | |
| **STEVEN WILLIAMS** | : | **NO. CP-51-CR-0008041-2017** |

## OPINION

Lucretia Clemons, J.

Defendant Steven Williams appeals from his judgment of sentence entered on October 26, 2018, after the Honorable Timika Lane found Defendant guilty of: Indecent Assault of a Person Less Than Thirteen (13) Years of Age, 18 Pa. C.S. § 3126; Endangering the Welfare of a Child, 18 Pa. C.S. § 4304; and Corruption of Minors, 18 Pa. C.S. § 6301. On appeal, Defendant challenges the weight and sufficiency of the evidence for his convictions. Judge Lane requested that this Court, which heard and granted the Commonwealth's Pa. R.E. § 404(b) Prior Bad Acts Motion on October 2, 2018, prepare an opinion addressing the grant of the Commonwealth's Pa. R.E. § 404(b) motion.

CP-51-CR-0008041-2017 Comm. v WILLIAMS, STEVEN
Opinion



8281280451

## I. FACTUAL HISTORY

During the motions hearing, the Commonwealth presented the following evidence: When I.A. was five years old, she visited her grandmother L. R. and stayed overnight at her home. N.T. Motion at 4. While I.A. was sleeping in bed with her grandmother and Defendant, Defendant rolled on top of her, put his hands down her pajama pants, and touched her buttocks and vagina. *Id.* I.A.'s mother, J.R., alleged that Defendant also sexually assaulted her in a similar fashion when she was approximately eight years old. *Id.* at 5. When J.R. was visiting her mother, Defendant touched the outside of her vagina with his hand while she was wearing a bathing suit. *Id.* L. R. was in the room when this assault happened, but she was under the influence of crack cocaine and did not react to what was happening. *Id.* at pp. 5-6. The Commonwealth sought to admit this prior instance of sexual assault as a "prior bad act" admissible under Pa. R.E. § 404(b).

## II. DISCUSSION

Although "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," Pa. R.E. § 404(b)(1), this Court did not admit this evidence as general proof of Defendant's bad character or his propensity to commit crimes. Rather, this Court found that the admission of Defendant's prior bad act was admissible as evidence of a common plan or scheme. In ruling that the evidence of Defendant's prior bad act should be admitted in this trial as evidence of a common plan, this Court applied a tripartite test: First, the Court "examine[d] the details and surrounding circumstances of each criminal incident to assure that the evidence reveals criminal conduct which is distinctive and so nearly identical as to become the signature of the same perpetrator." Com. v. Tyson, 119 A.3d 353, 358-59 (Pa. Super. 2015) (en banc)

(quoting Com. v. G.D.M., Sr., 926 A.2d 984, 987 (Pa. Super. 2007)). Second, the Court considered whether the evidence was "too remote in time to be probative." *Id.* at 359. Third, the Court evaluated whether the "probative value of the evidence [was] outweighed by its potential prejudicial impact upon the trier of fact." *Id.*

### A. The details of each incident were so similar that they could be considered the signature of Defendant.

First, the factual circumstances of the Defendant's alleged sexual assaults of J.R. and I.A. were "distinctive and so nearly identical" that they constituted "the signature of the same perpetrator." Relevant to such a finding will be the habits or patterns of action or conduct undertaken by the perpetrator to commit crime, as well as the time, place, and types of victims typically chosen by the perpetrator." *Id.* For prior conduct to be admissible to reflect the defendant's "signature," it is not enough that they are crimes of the same general class. Com. v. Semenza, 127 A.3d 1, 7 (Pa. Super. 2015). Rather, other offenses are admissible as evidence of a defendant's common plan "where the crimes are so related that proof of one tends to prove the other[]." *Id.* (citing Com. v. Elliott, 549 Pa. 132, 145 (1997), *abrogated on other grounds by* Com. v. Freeman, 573 Pa. 532 (2003)).

The factual circumstances of Defendant's alleged assaults of J.R. and I.A. are strikingly similar. J.R. and I.A. are the biological daughter and granddaughter of L. R.       ., respectively, who is the long-term partner of Defendant. N.T. Motion 10/2 at 7. L. R. had "on-and-off" custody of both J.R. and I.A. when these alleged instances occurred. *Id.* Both J.R. and I.A. were under the age of ten when Defendant allegedly sexually assaulted them. *Id.* They are also the same race. *Id.* Additionally, both describe very similar instances of sexual assault. J.R. alleges that as L. R.    watched, Defendant touched the outside of her vagina with his hand. *Id.* at 5. I.A. alleges that as L. R.    watched, Defendant put his hands down

her pajama pants and rubbed her buttocks and the outside of her vagina. *Id.* at 8. These incidents are remarkably similar and are certainly enough to make out a distinctive pattern as required under Pa. R. E. § 404(b).

### B. The prior bad act was not too remote in time to be prejudicial.

Defendant argues that because the incident concerning J.R. happened in 1995 and was not disclosed until 2016, its admission was more prejudicial than probative. Def. SOE at 1. This is unpersuasive. When considering whether a prior bad act is too remote in time to be admissible for its probative value, "the importance of the time period is inversely proportional to the similarity of the crimes in question." *See* Com. v. Aikens, 990 A.2d 1181, 1185 (Pa. Super. 2010) (holding evidence of defendant's prior rape of his biological daughter ten years earlier was admissible at trial for indecent contact with his other biological daughter, where the fact patterns in the two assaults were markedly similar). Although there is both a lapse in time between the assault of J.R. and the assault of I.A., as well as a lapse between the assault of J.R. and her disclosure, this did not outweigh the similarity of the previous allegation and the instant case. Both J.R. and I.A. are biologically related to L, R, , Defendant's long-term partner. N.T. Motion 10/2 at 7. The assaults also happened when J.R. and I.A. were roughly the same age. *Id.* Additionally, the details of both assaults are remarkably similar. *Id.* at pp. 5-8. Thus, the Court found that the similarity of the crimes minimized the lapse in time between the previous assault and the assault against I.A.

### C. Admission of J.R.'s disclosure was not more prejudicial than probative.

Lastly, although J.R.'s testimony was undoubtedly prejudicial to Defendant, its probative value outweighed this prejudicial impact. The Court was clear that admission of the prior allegation against Defendant was necessary to combat Defendant's trial strategy of impeaching

I.A.'s credibility by arguing that J.R., I.A.'s mother, convinced her to lie. N.T. Motion 10/2 at 20. The Court was also convinced that because Defendant was being tried in a bench trial and not a jury trial, the prejudicial impact was further minimized.[1] *Id.* at 18. " [I]t's Judge Lane and it's not a jury, [she] can separate the allegations in a different way than people who are nonlawyers and not judges [. . .] I, frankly, have confidence in Judge Lane, having heard so many of these type of cases, [is] able to separate what this is used for." *Id.* at pp. 18, 21-22. This certainly mitigates the prejudicial impact of the prior allegation. The Court also attempted to mitigate the prejudicial impact of the prior bad act evidence by only allowing the evidence to come in "for the limited purposes of common scheme or plan" and not for Defendant's propensity to commit any crime. *Id.* at 22. For these reasons, the admission of the prior assault of J.R. was not improper under Pa. R. E. § 404(b) and thus should be upheld.

## III.   CONCLUSION

For the abovementioned reasons, the trial court's judgment and sentence should be affirmed.

BY THE COURT:

LUCRETIA CLEMONS, J.
Dated:

---

[1] It is well-settled that when the judge acts as the fact finder, the prejudicial impact of inadmissible evidence is minimized. *See* Com. v. Fears, 836 A.2d 52 (Pa. 2003), *citing* Com. v. Davis, 421 A.2d 179 (Pa. 1980) ("Even if prejudicial information was considered by the trial court, a judge, as fact finder, is presumed to disregard inadmissible evidence and consider only competent evidence.")

**Commonwealth v. Steven Williams**
**CP-51-CR-0008041-2017**

## PROOF OF SERVICE

I hereby certify that I am this day caused to be served the foregoing this person(s), and in the manner indicated below:

Attorney for the Commonwealth:
Larry Goode, Esquire
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

Type of Service:        ( ) Personal (X) Regular mail ( ) CJC mailbox ( ) Email

Attorney for Defendant:
Douglas P. Earl, Esquire
1015 Chestnut Street, Suite 902
Philadelphia, PA 19107

Type of Service:        ( ) Personal (X) Regular mail ( ) CJC mailbox ( ) Email

DATED: 06|10|2019

_____
Alejandra J. Whitney-Smith, Esquire
Law Clerk to Hon. Lucretia Clemons

FILED

2019 APR 17 PM 3: 57

OFFICE OF ... RECORDS
...
FIRST ... DISTRICT

**IN THE COURT OF COMMON PLEAS**

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

**TRIAL DIVISION – CRIMINAL SECTION**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-51-CR-0008041-2017 |
| | : | |
| v. | : | |
| | : | |
| STEVEN WILLIAMS | : | 181 EDA 2019 |

## OPINION

**LANE, J.**                                                                **April 17, 2019**

### OVERVIEW AND PROCEDURAL HISTORY

Steven Williams ("Appellant") was convicted of indecent assault of a person less than thirteen years of age, 18 Pa.C.S.A. § 3126(A)(7), endangering the welfare of a child, 18 Pa.C.S.A. § 4304(A)(1), and corruption of minors, 18 Pa.C.S.A. § 6301 A(1)(i), on October 26, 2018, after a waiver trial. On January 11, 2019, he was sentenced to a total of seven and a half years to fifteen years of imprisonment for those crimes.

On January 14, 2019, Appellant filed a notice of appeal. On January 17, Appellant's counsel was sent a 1925(b) order to file a statement of matters complained. On January 24, Appellant's counsel requested an extension of time. On January 25, the court granted Appellant's counsel an extension of time until twenty-one days after the notes of testimony became available.

On February 1, 2019, Appellant filed a pro se notice of appeal (425 EDA 2019). On February 20, Appellant also filed a pro se, handwritten statement of matters complained

*Commonwealth v. Williams*                                                                1

corresponding to the case his counsel filed (181 EDA 2019).[1] The last notes of testimony became available on February 27. Appellant's extraneous appeal was withdrawn and discontinued on February 14, at the request of his counsel. Appellant's statement of matters complained was due on March 20, but counsel filed no statement on or before that day. On March 28, counsel filed an untimely motion for an extension of time and on April 1, counsel filed an untimely statement of matters complained,[2] which consisted of the following:

1. The Court erred by granting the Motion Under Rule 404(b) of the Commonwealth to admit other acts evidence. The testimony concerning J. R. allegedly happened in 1995 and was not allegedly reported until 2016. The probative value of any such evidence did not overcome the prejudicial value it had on the case.

[2.] The evidence was insufficient to convict [Appellant]. [Appellant] was not physically present for large periods of time at the residence where the incident happened. There is no physical evidence.

## FACTS

I.A., seven at the time of trial, testified that she used to live with her grandmother and Appellant (born in 1955), as her parents were both incarcerated. N.T. 10/26/18 at 9, 17, 36, 150.

When I.A. was five,[3] she was awoken by her grandmother taking off her underwear and pants. *Id.*

---

[1] Appellant's pro se statement of matters complained should not be considered. When an appellant is represented by counsel on appeal, any pro se Rule 1925(b) statement filed by that appellant is a "legal nullity." *Commonwealth v. Ali,* 10 A.3d 282, 293 (Pa. 2010). An appellant has "no constitutional right to hybrid representation either at trial or on appeal," and therefore may not "confuse and overburden the court by his own pro se filings of briefs at the same time his counsel is filing briefs on his behalf." *Commonwealth v. Ellis,* 626 A.2d 1137, 1139-41 (Pa. 1993) (noting that rather than filing extraneous documents, an appellant should either end counsel's representation or file an ineffective assistance of counsel PCRA). In this case, Appellant is represented by counsel. That counsel filed his notice of appeal and statement of matters complained. Appellant therefore has no legal right to file briefs, and the statement of matters complained filed by Appellant is a "legal nullity." *Ali,* 10 A.3d at 293.

[2] Despite Appellant's untimeliness, for expediency's sake, this court is responding to his issues directly. *See Commonwealth v. Thompson,* 39 A.3d 335, 340 (Pa. Super. 2012) ("When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented.").

[3] The only witness to the assault (the child victim) did not remember when she was assaulted, but the evidence establishes that it was probably between May and June of 2016. The information reads that the incident occurred between September 2015 and August 2016, but evidence at trial showed that due to Appellant's incarceration and shifting living arrangements, the children likely only lived with Appellant during the May and June of 2016. N.T. 10/26/18 at 78, 102, 151. Due to the circumstances, this general timeframe is satisfactory. *See Commonwealth v. Groff,* 548 A.2d 1237, 1241 (Pa. Super. 1988) (finding that the date of a single sexual assault on a six-year-old was sufficiently specific when it was narrowed down from two years in the information to sometime during the summer

*Commonwealth v. Williams*                                                                                              2

at 23. Her grandmother then carried her to Appellant's bed and held her down. *Id.* at 24, 28. Appellant touched her vagina with his hand (moving "up and down"), turned her over, got on top of her, then touched her buttocks. *Id.* at 25-26. Afterwards, I.A. testified "I went back to sleep with my teddy bear, then he did it again." *Id.* at 31. I.A. later told her sister, A.R. *Id.* at 34.

I.A.'s thirteen-year-old sister, A.R., testified that two years earlier she and I.A. lived with their grandmother and Appellant in an apartment where they "all slept in the same room". *Id.* at 86, 90, 91. Their grandmother and Appellant were the only adults who lived with them, and Appellant watched I.A. on his own when her grandmother was not present. Id. at 90, 99-100. One day, when the girls were alone, I.A., who seemed "sad and scared," asked A.R. if she could keep a secret and told her that Appellant touched her on her vagina and buttocks. *Id.* at 94-95. Afterward, A.R. noticed that when Appellant was home, I.A. just sat quietly and watched television, but when he left, her demeanor changed and she would get up and play. *Id.* at 100. A.R. made sure that I.A. and Appellant were never alone together after that. *Id.* at 100. Later, they moved to a hotel with their grandmother and Appellant and, except for when the girls' great-grandmother (their grandmother's mother) was visiting, Appellant "was always there." *Id.* at 98.

I.A. and A.R.'s mother, J. R. , testified that Appellant (J. R.'s mother's boyfriend) assaulted her several times as a child in a similar manner: during the first time, when J. R. was eight, Appellant touched and rubbed her vagina as her mother watched. *Id.* at 115-20. When she was an adult, J. R. told her mother that because of that incident she did not want Appellant near her children. *Id.* at 121-22. However, in September 2015, when the children's parents were both incarcerated, the children ended up staying with J. R.'s mother and Appellant. *Id.* at 122. After she was released, J. R. went to go see her kids in the hotel they were staying at,

---

of 1985, noting "the Commonwealth must be allowed a reasonable measure of flexibility when faced with the special difficulties involved in ascertaining the date of an assault upon a young child.").

and Appellant was with them. *Id.* at 127. A.R. later told J.R. that Appellant assaulted I.A. while Joann was incarcerated. *Id.* at 129-30.

Colleen Getz, of the Philadelphia Children's Alliance, testified that she spoke to I.A. on November 30, 2016; a video recording of that meeting was played at trial. *Id.* at 62, 63, 69. During that meeting, I.A. identified Appellant as the man who inappropriately touched her inside of her vagina and on her buttocks while her grandmother watched. *Id.* at 72, 79, 80.

## DISCUSSION

### 1. Appellant's first issue was not before this court.

In his first issue, Appellant challenges the granting of the motion under rule 404(b) allowing the Commonwealth to admit other acts evidence relating to J.R. . The 404(b) motion in question was granted by the Honorable Lucretia Clemons on October 2, 2018. On April 17, 2019, pursuant to Pa.R.A.P. 1925(a)(1), this court requested that Honorable Judge Clemons file a judicial opinion supporting its 404(b) decision.

### 2. There was sufficient evidence to convict Appellant of indecent assault of a person less than thirteen years of age, endangering the welfare of a child, and corruption of minors.

#### I. Appellant's claims are waived.

Pennsylvania courts have held that when an appellant challenges the sufficiency of the evidence for a charge but fails in his court-ordered 1925(b) statement to list the specific elements that he is disputing, those arguments are waived. *See e.g., Commonwealth v. Williams*, 959 A.2d 1252, 1257-58 (Pa. Super. 2008). Here, Appellant did not specifically challenge any element of any the charges: he only relayed generally that the evidence was insufficient.

Appellant does advance two faulty and unspecific arguments towards the insufficiency of the evidence: however, neither addresses the elements of any of his convictions. First, he argues that the Appellant "was not physically present for large periods of time at the residence where the

incident happened." There is sufficient evidence if, "drawing all proper inferences favorable to the Commonwealth, the trier of fact could have determined that all the elements of the crime have been established beyond a reasonable doubt." *Commonwealth v. Rodriquez*, 673 A.2d 962, 965 (Pa. Super. 1996). Even assuming, *arguendo*, that Appellant was not physically present for large periods of time at the residence where the incident happened, there was still enough evidence that Appellant watched, lived with, and assaulted I.A. to find Appellant guilty of each crime. Thus, this does not affect the sufficiency calculation.[4]

Appellant also argues that there was not sufficient evidence because there was no *physical* evidence. However, physical evidence is not required to find sufficient evidence: testimonial evidence is enough.[5] *See Commonwealth v. Johnson*, 180 A.3d 474, 481 (Pa. Super. 2018); *see also Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa. Super. 2006). In this case, there was testimonial evidence of each element of each crime from the victim. N.T. 10/26/18 at 9, 21-22, 26. Therefore, there was sufficient evidence.

As Appellant has not offered any valid challenges to the sufficiency of the evidence, his claims are waived. However, out of an abundance of caution, this court will still briefly address why there was sufficient evidence for each conviction.

---

[4] If Appellant means to argue that his absences from the house equates to not enough evidence that he supervised I.A.'s welfare or was present for the assault, that must be weighed against the testimony of I.A. and A.R. that he was in charge of supervising their welfare and was present for the assault. N.T. 10/26/18 at 17, 24-28, 86, 90, 91, 99-100. Thus, this would be a weight of the evidence argument rather than a sufficient evidence argument. Appellant did not preserve any weight of the evidence claims, and thus has waived these arguments. *See e.g., Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa. Super. 2014) ("Failure to properly preserve [a weight of the evidence claim, in a motion before sentencing or a post-sentence motion] will result in waiver, even if the trial court addresses the issue in its opinion.").

[5] As Appellant is not arguing that there was *no evidence* of his guilt, and merely that there was *no physical evidence*, one could argue that this claim goes more towards weight of the evidence than its sufficiency. As Appellant did not preserve weight of the evidence claims, this is waived. *Thompson*, 93 A.3d at 490.

## II. There was sufficient evidence to find Appellant guilty of all three charges.

A challenge to the sufficiency of the evidence is a question of law requiring a plenary scope of review. *Commonwealth v. Snyder*, 870 A.2d 336, 346 (Pa. Super. 2005). The Courts use the following standard to determine the sufficiency of evidence admitted at trial:

> In determining whether the evidence was sufficient to support a conviction, we review the evidence admitted during the trial along with any reasonable inferences that may be drawn from that evidence in the light most favorable to the Commonwealth as the verdict winner. If we conclude, based on that review, that the finder of fact could have found every element of the crime beyond a reasonable doubt, we must sustain the conviction.

*Commonwealth v. James*, 46 A.3d 776, 779 (Pa. Super. 2012). At trial, the Commonwealth may sustain its burden of proof on circumstantial evidence alone. *Commonwealth v. Conaway*, 791 A.2d 359, 363 (Pa. Super. 2002) (citations omitted). Convictions may be found based solely on the testimony of a single witness. *Johnson*, 180 A.3d at 481 (holding that "the uncorroborated testimony of a single witness is sufficient to sustain a conviction for a criminal offense, so long as that testimony addresses every element of the charged crime."); *see also Charlton*, 902 A.2d at 562 (holding that the court has "long-recognized" that the uncorroborated testimony of a sexual assault victim is sufficient to convict a defendant). The trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Commonwealth v. Passmore*, 857 A.2d 697, 706 (Pa. Super. 2004). Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *Id.*

In the case at hand, Appellant was properly found guilty of indecent assault of a person less than thirteen years of age, 18 Pa.C.S.A. § 3126(A)(7). A person is guilty of this crime if he:

has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and: . . . the complainant is less than 13 years of age.

18 Pa.C.S.A. § 3126(A)(7). Indecent contact consists of "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101. The victim in this case testified that when she was five years old, the Appellant touched her vagina and buttocks with his hand (moving his hand "up and down") while on top of her. N.T. 10/26/18 at 9, 21-22, 26. This testimony directly fulfills the requirements of the statute; as a result, there was sufficient evidence of indecent assault. *See Johnson*, 180 A.3d at 481 (finding that testimony alone is sufficient evidence).

There was also sufficient evidence to find Appellant guilty of endangering the welfare of a child. A person is guilty of this crime when a "parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S.A. § 4304(A)(1). There was testimony at trial (from both A.R. and I.A.) that A.R. and I.A. lived with Appellant, that Appellant and their grandmother were the only two adults in the house, and that they "all slept in the same room." N.T. 10/26/18 at 17-20, 90-91. A.R. also testified that Appellant watched the younger children, including the victim, on his own when her grandmother was not present. *Id.* at 99-100. They then moved to a hotel, and when the girls' grandmother was not around, Appellant "was always there." *Id.* at 98. The fact that Appellant lived with the victim and watched her on his own is enough to show that he was, at the very least, a "person supervising the welfare" of the victim. 18 Pa.C.S.A. § 4304(A)(1). As sexually assaulting a child certainly is endangering her welfare, there was sufficient evidence to convict Appellant of this offense.

Finally, there was sufficient evidence to find Appellant guilty of corruption of minors, 18 Pa.C.S.A. § 6301(A)(1)(i). A person is guilty of this crime if he, "[e]xcept as provided in subparagraph (ii) [dealing with courses of conduct], being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age . . ." 18 Pa.C.S.A. § 6301(A)(1)(i). Acts which would corrupt the morals of any minor include acts that "would offend the common sense of the community and the sense of decency, propriety and morality, which most people entertain." *Commonwealth v. Leatherby*, 116 A.3d 73, 82 (Pa. Super. 2015) (finding sufficient evidence of corruption of minors where the defendant sexually abused his three young stepdaughters). The evidence at trial showed that Appellant was over the age of eighteen, the victim was under the age of eighteen, and Appellant sexually abused the victim. N.T. 10/26/18 at 9, 29, 150. Our courts have held multiple times that sexually abusing a minor tends to corrupt their morals as it would offend a reasonable person's sense of decency. *Leatherby*, 116 A.3d at 82; *Commonwealth v. Strafford*, 194 A.3d 168, 170 (Pa. 2018) (finding sufficient evidence of indecent assault of a person less than 13 years of age and corruption of minors when the adult defendant sexually abused an eight-year-old victim). Therefore, there was sufficient evidence of corruption of minors.

## CONCLUSION

After reading the applicable evidence, statutes, case laws, and rules, this court has concluded that there are no prejudicial or reversible errors in Appellant's case and that, respectfully, the court's decision should be affirmed.

BY THE COURT:

Lane, J.